## Richard B. Church v. Dan Waggoner et al.

### No. 2912.

1. **Practice—Admission and Withdrawal of Illegal Testimony.**—Where incompetent or irrelevant testimony is admitted, and the court subsequently in the charge specially directs the jury that they should not consider it in their verdict, there must be strong reason to believe that injury resulted from the admission of the illegal testimony to constitute a cause for reversal. See example.

2. **Limitation—Tenant in Common.**—That a tenant in common suing for the land held in common had no actual knowledge that the defendant was claiming adversely the whole interest in the land is not an answer to the plea of limitation supported by the statutory requisites of such defense.

3. **Adverse Possession — Land Within Larger Enclosure.** — Defendant enclosed the land sued for within a larger tract (of 35,000 acres) and used and controlled the enclosure; *held,* such possession was sufficient under the five years statute of limitation to bar recovery. See example.

4. **Depositions of Adverse Party — Practice.** — Under article 2243, Revised Statutes, before the interrogatories propounded to the adverse party can be taken as confessed for a failure to answer, they must be framed so as to distinctly embody the fact desired to be proved.

Appeal from Wichita. Tried below before Hon. P. M. Stine.

The opinion contains a statement.

*Felix H. Robertson,* and *J. A. Templeton,* for appellant.— 1. Where illegal evidence is admitted over objections of appellant, and it is not improbable that the jury was improperly influenced thereby, the error is a reversible one, and this is true even though the court should in its charge instruct the jury to discard such evidence. Evans v. Pigg, 28 Texas, 586; Eborn v. Zimpelman, 47 Texas, 504; Railway v. Levy, 59 Texas, 542–552.

2. One purchasing from a joint tenant or a tenant in common can not acquire, to the prejudice of the cotenant, title to any specific portion of the land, but must hold it subject to all existing equities between the

cotenants; and when one enters upon land as a joint tenant or tenant in common his claim of right to occupy it in his own right does not necessarily imply that he asserts the right to the portion of the land occupied by him adversely to the rights of his cotenant, and no limitation will run in his favor against his cotenant, except from the period when the claim to the exclusive adverse possession on his part is clearly established and notice thereof is brought home to the cotenant.   Mast v. Tibbles, 60 Texas, 301; Moody v. Butler, 63 Texas, 210; Teal v. Terrell, 58 Texas, 257–261; Franks v. Hancock, Posey's U. C., 554; Alexander v. Kennedy, 19 Texas, 488; Seaton v. Son, 32 Cal., 481; Roberts v. Morgan, 30 Vt., 324; Ord v. De la Guerra, 18 Cal., 75; Lawson v. Cunningham, 21 Ga., 459; Holley v. Hawley, 39 Vt., 534.

3.   The possession by appellee W. T. Waggoner of a part of the lands in controversy under any one or more of the deeds introduced in evidence would not extend to or embrace any other portions except such as were described by and claimed under the particular deed or deeds under which the possession of such part thereof was so claimed and held; and until notice of appellees' adverse claim was carried home to appellant such possession of said appellee did not become exclusive, and did not set in motion the statute of limitations, and the court should have so instructed the jury.   Richards v. Smith, 67 Texas, 610; Bracken v. Jones, 63 Texas, 184, and authorities cited; Word v. Drouthett, 44 Texas, 369, 370; Parker v. Baines, 65 Texas, 605; Sellman v. Hardin, 58 Texas, 86; Murphy v. Welder, 58 Texas, 235–241; Wheeler v. Moody, 9 Texas, 372.

4.   The possession of the appellee W. T. Waggoner of the lands in controversy was not exclusive, and the court's charge was not warranted by the evidence.

*W. W. Flood,* and *Hunter, Stewart & Dunklin,* for appellees.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title.

Plaintiff's original petition was filed on the 18th day of June, 1888, against Daniel Waggoner and W. T. Waggoner.

The plaintiff, who is the appellant in this court, claimed an undivided one-half interest in three surveys of land patented to the heirs of Henry Hastie; one of said surveys contained 640 acres, one 1476 acres, and the other 1920 acres.

The petition charged that defendant W. T. Waggoner owned the other one-half interest in said lands.

The defendants pleaded not guilty, and the defendant W. T. Waggoner pleaded the statute of limitations of five years.

Plaintiff, in reply to the plea of limitation, alleged that defendant W. T. Waggoner had been absent from the State of Texas from the 1st day

of January, 1883, until the 18th day of June, 1888; and that until the 1st day of June, 1886, plaintiff had no notice that said defendant claimed to own and hold said land adversely to him.

Upon the verdict of a jury judgment was rendered in favor of defendants for the whole of the land.

It was shown that Dr. J. Hamilton Hastie and Claudia Church were the only heirs of Henry Hastie, deceased; that Claudia Church died in 1843, leaving her son, the plaintiff, her sole heir; that Dr. J. Hamilton Hastie died in 1875, leaving a will, which was duly probated, by which the lands in controversy (except a portion of them that the testator before his death had conveyed to one Cicero Cullen) were devised to Mrs. Augusta Silver and J. Hamilton Hastie, Jr.

The defendant W. T. Waggoner read in evidence the following muniments of title:

1.   A deed from Dr. J. H. Hastie to Cicero Cullen for the 640 acres tract, and for 705⅔ acres off of the east side of the 1476 acres tract, dated April the 11th, 1874.

2.   A deed from Cicero Cullen to Joseph Turkenkolph for the 640 acres survey, dated November the 12th, 1880.

3.   A deed from Joseph Turkenkolph and wife to W. T. Waggoner for said survey, dated the 14th day of August, 1882, and recorded the 16th day of August, 1882.

4.   A power of attorney from J. H. Hastie, Jr., and Augusta Silver, to G. P. Meade, dated May the 9th, 1881.

5.   A deed from J. H. Hastie, Jr., and Augusta Silver, by their attorney G. P. Meade, to W. T. Waggoner, for the 1920 acres survey and the west 771 acres of the 1476 acres survey, dated June the 7th, 1881, and recorded the 13th day of June, 1881.

6.   The will of J. H. Hastie, Sr.

7.   A deed from Cicero Cullen to W. T. Waggoner for 705⅔ acres off of the east part of the 1476 acres survey, dated the 9th day of November, 1880, and recorded on the 9th day of November, 1880.

Over the objections of plaintiff the court permitted the defendants to introduce in evidence a postal card from one John Y. Rankin and a letter from plaintiff, both written after the death of Dr. J. Hamilton Hastie, Sr., to his widow, in substance saying that plaintiff would not assert any claim to any of said lands.

After the argument was closed the court by a special charge given at the request of appellant withdrew the evidence from the consideration of the jury.

It is urged that notwithstanding the withdrawal of the evidence plaintiff suffered such injury from it that the judgment ought to be reversed. We think that the evidence was clearly inadmissible and ought to have been rejected.   Having been improperly admitted, it was proper for the

court to repair the wrong by directing the jury not to consider it. There must be strong reason to believe that the improper admission of the evidence has caused a wrong to be done to the objecting party, which has not been remedied by the attempt to do so, before it would be proper for us to reverse the judgment for such a reason. The record before us presents nothing to convince us that plaintiff was prejudiced by the proceedings complained of.

It is urged that as the vendors of W. T. Waggoner only owned an undivided one-half interest in the land he was a tenant in common with plaintiff, and that as the evidence failed to show that plaintiff had any notice that the defendant was claiming to hold all of said lands adversely to him before the 18th day of June, 1888, the court was not warranted in giving to the jury any charge upon the statute of limitations.

It was proved that about the middle of January, 1883, the defendant W. T. Waggoner completed a post and wire fence around a pasture containing about 35,000 acres of land, in which were enclosed all of the lands in controversy. It was proved that the pasture contained a few thousand acres not owned or leased by Waggoner, and that a few other people lived inside of and owned cattle that ranged within the enclosure, but that the defendant controlled the fence and gates, and except the cattle of persons permitted by him to remain in the pasture he caused the stock of other people to be turned out of it, and at all times asserted his right to exercise the dominion of an owner over it. The deeds to him, which were registered, showed that his claim extended to the whole title and not an undivided interest in it. We think that the charge objected to and all other charges given upon the issue of the statute of limitations correctly stated the law as applied to the pleadings and evidence, and that the charges requested by the plaintiff upon that issue and refused by the court were correctly refused.

As we have stated, the evidence showed that W. T. Waggoner completed the enclosure of all of the lands by the middle of January, 1883. It also shows that all of his deeds had been duly recorded before that date, and that he paid all taxes against the lands for each year subsequent to the purchase of them by him. Plaintiff's original petition was filed on the 18th day of June, 1888. The evidence with regard to the absence of Waggoner from the State during that time amounts to less than two months. If it be admitted that article 3216 of the Revised Statutes applies to actions for land, the evidence, after deducting the periods of absence, still shows an adverse possession of more than five years, and the failure of the court to instruct the jury to deduct the periods of absence, if error at all, should be held to be immaterial.

The burden of proof upon this issue was upon the plaintiff. Plaintiff took the deposition of W. T. Waggoner under chapter 3 of title 38 of the Revised Statutes, and he contends that the answers were evasive and

should be treated as establishing that his absences were sufficient to deprive him of the benefit of the statute of limitations.

As shown by appellant's brief, the questions and answers were as follows:

"Interrogatory 4.    If you say no in answer to the last two questions or either of them, then say what part of the years 1880, 1881, 1882, and 1883 you spent in Texas.

"Answer.    I spent all of the years 1880, 1881, 1882, and 1883 in the State of Texas, except a few days when I was at my ranch in the Indian Territory.

"Interrogatory 7.    If you answer no to the fifth interrogatory, then state what part of the year 1884 you did remain absent from the State of Texas.

"Answer.    If I was outside of Texas in the year 1884 at all I was not gone more than two weeks, but I do not remember of being out at all except at my ranch in the Indian Territory.

"Interrogatory 8.    Is it not a fact that you spent the greater part of the year 1885 in absence from the State of Texas?

"Answer.    I was absent from Texas in 1885 about twenty days, when I went to Coolidge, Kansas.

"Interrogatory 10.    If you answer no to the eighth and ninth questions or either of them, then state as nearly as you can what part of the year 1885 you did spend beyond the limits of the State of Texas.

"Answer.    I was not absent from Texas in 1885 more than about twenty days except when I went to my ranch in the Indian Territory.

"Interrogatory 12.    If you answer no to the last question, then say if you were not absent from Texas a part of that year (1886), and if so what part and how long?

"Answer.    I do not think I was out of Texas in 1886 except when I went to my ranch in the Indian Territory."    The witness gave similar answers to the questions propounded to him in regard to the years 1887 and 1888.

Without intending to characterize the answers as intentionally evasive, we think it is clear that the interrogatories are not so framed as to enable the court to treat them as confessed under article 2243.    Before that can be done the question must distinctly embody the fact desired to be proved.

We find no error in the proceedings, and the judgment is affirmed.

*Affirmed.*

Delivered October 17, 1890.