INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. MARGARET McVEY, ET AL.

No. 1409. Decided May 18, 1905.

**1.—Death—Damages.**

The damages recoverable under the statutory action for injuries resulting in death include only such pecuniary benefits as plaintiff had a reasonable expectation of receiving from deceased had he lived; but in such pecuniary benefits are included, not only money, but everything that can be valued in money, such as the reasonable value of the nurture, care and education a child would have received from the deceased parent, but not sorrow for the death of deceased, nor loss of his society by a wife or child. (P. 32.)

**2.—Same—Charge.**

An instruction on the measure of damages for the death of a husband and father which directed the allowance of such amount as would be full compensation, if paid now, for the actual damages shown, and such as was fairly proportioned to the injury sustained, and excluded any allowance for sorrow suffered, was misleading in that the specific mention of sorrow as excluded might be taken as implying that compensation for loss of society might be given; and in a case where the damages were unprecedently large and seemingly excessive (as the allowance of $20,000, to the wife and children of a section foreman 52 years of age, with an expectancy of life for 19 years, and earning $50. per month when killed) such error is held ground for reversal. (Pp. 31–33.)

**3.—Charge—Evidence—Knowledge.**

Testimony that a section foreman killed by collision of a train with his push car had given command to hurry up and get the ties off the push car, and said. the train was coming, was not so conclusive of the fact that he had seen or heard the train, or was aware of its immediate approach as to justify giving a charge assuming that he had such knowledge.  (P. 33.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Hays County.

Margaret McVey sued the railway company for damages to herself and children by the death of her husband.   Plaintiff had judgment. and it was affirmed on appeal by defendant, who thereupon obtained writ of error.

*S. R. Fisher* and *J. H. Tallichet,* for plaintiff in error.—The court erred in its charge on the measure of damages, the same being an erroneous and incorrect statement of the law.    Merchants, etc., Oil Co. v. Burns, 96 Texas, 573; Gulf C. & S. F. Ry. Co. v. Finley, 11 Texas Civ. App., 64; San Antonio & A. P. Ry. Co. v. Waller, 65 S. W. Rep., 210; Gulf, C. & S. F. Ry. Co. v. Southwick, 30 S. W. Rep., 593; Louisiana, etc., R. Co. v. Carstens, 19 Texas Civ. App., 190; Ft. Worth. & D. C. Ry. Co. v. Morrison, 93 Texas, 527; Galveston H. & S. A. Ry. Co. v. Worthy, 87 Texas, 466; Missouri P. Ry. Co. v. Henry, 75 Texas, 224; International & G. N. Ry. Co. v. Smith, 62 Texas, 252; International & G. N. Ry. Co. v. Ormond, 64 Texas, 490; March v. Walker, 48 Texas, 372; McGowan v. Railway Co., 85 Texas, 289; Missouri, K. & T. Ry. Co. v. Hines, 40 S. W. Rep., 152.

The court erred in refusing to give special instruction No. 1, asked by defendant, because it appeared from the evidence, that of plaintiffs as well as of defendant, that the deceased, Edward McVey, with full knowledge of the approach of defendant's train and of the danger incident to a collision with the push car, voluntarily remained at or in the vicinity of said car and thereby assumed the risk of injury or of death from the impending and resulting collision. '    Atlanta & C. Air Line Ry. Co. v. Leach, 91 Ga., 419, approved in West Chicago, etc., Railway Co. v. Liderman. 187 Ill., 463; Condiff v. Kansas City, etc., Ry. Co., 45 Kansas, 256; Evansville, etc., Ry. Co. v. Hiatt, 17 Ind., 102; Blair v. Grand Rapids, etc., Ry. Co., 60 Mich. 124; Anderson v. Northern Ry. Co., 25 U. C. C. P., 301; McMahy v. Morgan's L. & T. Ry., etc., Co., 45 La. Ann., 1329; Donahoe v. Wabash, etc., Ry. Co., 83 Mo. 560; San Antonio & A. P. Ry. Co. v. Gray, 95 Texas, 424; Missouri K. & T. Ry. Co. v. Goss, 72 S. W. Rep., 94; Texas & P. Ry. Co. v. Carter, 73 S. W. Rep., 50; Eckert v. Railway Co., 43 N. Y., 502.

*A. B. Storey* and *Will G. Barber,* for defendants in error.—The court's charge submits the measure of damages in the words of the statute conferring the right, and, there being no affirmative error, appellant should have asked special charge if additional instruction was desired, and not speculate on its chances under the charge as given.

Rev. Stat., arts. 3017, 3027; Barth v. Railway (Mo.), 44 S. W. Rep., 778; Geisman v. Missouri Co. (Mo.), 73 S. W. Rep., 654; Chicago & E. I. Ry. Co. v. Rains (Ill.), 67 N. E. Rep., 842; Chicago R. I. & T. Ry. Co. v. Erwin, 65 S. W. Rep., 496; Merchants & P. Oil Co. v. Burns, 96 Texas, 580.

Not only the money the husband would have earned, but his care and nurture of the children, the physical, mental and moral training he should give them, his experience, knowledge and judgment in managing his affairs and theirs, and his personal attention, protection and assistance generally to the wife should be considered in determining the pecuniary injury sustained by the father's death. Northern Pacific Ry. Co. v. Freeman, 83 Fed. Rep., 82; Pennsylvania Ry. Co. v. Goodman, 62 Penn. St., 359; Kansas P. Ry. Co. v. Miller, 2 Col., 466-7; Stoher v. Railway Co., 91 Mo., 518; Haines v. Pearson, 81 S. W. Rep., 645; Searles v. Railway Co., 32 W. Va., 374-7; Castello v. Landwehr, 28 Wis., 532; Galveston, H. & S. A. Ry. Co. v. Davis, 27 Texas Civ. App. 279; Anthony Brick Co. v. Ashby (Ill.), 64 N. E. Rep., 1109; Galveston, H. & S. A. Ry. Co. v. Puente, 30 Texas Civ. App., 246; Gulf, C. & S. F. Ry. Co. v. Younger, 90 Texas, 387.

The father owed to the children the duty of nurture, protection, education, etc. (Schouler's Dom. Rel., secs. 233-6), and the legal right to same entitles them to have it considered as an element of damage. International & G. N. Ry. Co. v. Culpepper, 19 Texas Civ. App., 182; Dallas & W. Ry. Co. v. Spicker, 61 Texas, 427.

The evidence authorized consideration by the jury of the elements of injury mentioned in No. 1, above. St. Louis, I. M. & S. Ry. Co. v. Maddry, 57 Ark., 306; St. Louis, I. M. & S. Ry. Co. v. Sweet (Ark.), 31 S. W. Rep., 573; St. Louis, I. M. & S. Ry. Co. v. Haist (Ark.), 72 S. W. Rep., 895-6; Portsmouth St. Ry. Co. v. Peed (Va.), 47 S. E. Rep., 852.

The jury may exercise their own judgment and discretion, even when the evidence furnishes no data as to the elements mentioned in No. 1, above. St. Louis, I. M. & S. Ry. Co. v. Maddry, 57 Ark., 306; North C. St. Ry. Co. v. Brodie, 57 Ill. App., 567; Ohio & M. Ry. Co. v. Wangelin, 152 Ill., 138; Korrady v. Railroad Co. (Ind.), 29 N. E. Rep., 1069; Countryman v. Railway Co., 166 N. Y., 208-10; Cicero & P. St. Ry. Co. v. Boyd, 95 Ill. App. 514-15; San Antonio Traction Co. v. White (Texas), 60 S. W. Rep., 324; Missouri, K. & T. Ry. Co. v. Vance (Texas), 41 S. W. Rep., 170; Texas & P. Ry. Co. v. Lester, 75 Texas, 56, 61; Missouri P. Ry. Co. v. Lehmberg, 75 Texas, 61-69.

This court properly declined to hold the verdict excessive. Watson on Damages for Personal Injuries, secs. 325-330.

If the negligence of appellant or its employes had placed the passengers on its train in peril, then McVey, realizing this, was not guilty of contributory negligence in voluntarily exposing himself to danger in an effort to avert the threatened disaster, unless under all the circumstances then and there surrounding him, his act was rash or reckless, as it would have appeared to a person of ordinary prudence at the time. San Antonio & A. P. Ry. Co. v. Gray, 95 Texas, 427; Missouri, K. & T. Ry. Co. v. Goss, 72 S. W. Rep., 95; Eckert v.

Railway, 43 N. Y. 505; Roll v. Railway, 15 Hun, 496; Omaha & R.
V. Ry. Co. v. Krayenbuhl (Neb.), 67 N. W. Rep., 447; Dailey v.
Railway (Neb.), 78 N. W. Rep., 722; Walker v. Shelton (Kan.), 52
Pac. Rep., 441; Pennsylvania Co. v. McCaffrey, 139 Ind., 430;
Schroeder v. Railway (Mo.), 18 Law. Rep. Ann., 831; Cottrill v. Rail-
way, 47 Wis., 634; Pennsylvania Co. v. Roney, 80 Ind., 453; Corbin v.
Philadelphia, 195 Pa., 461; Pennsylvania Co. v. Langendorf, 48 Ohio
St., 316; Peyton v. Railway Co., 41 La. Ann., 861; Louisville & N.
Ry. Co. v. Orr, 121 Ala., 489; Maryland, etc., Steel Co. v. Marney, 88
Md., 482; Condiff v. Railway, 45 Kan., 256; Central Railroad Co. v.
Crosby, 74 Ga., 737; Spooner v. Railway, 115 N. Y., 22; Becker v.
Railway (Ky.), 61 S. W. Rep., 997; Linnehan v. Sampson, 126 Mass.,
506; Donahoe v. Railway, 83 Mo., 560; Belleville Stone Co. v. Mooney
(N. H.), 38 At. Rep., 835-840; 1 Shear. & Red. on Neg. (5th Ed.),
Sec. 85; 1 Thompson's Neg., Secs. 138-198; Beach's Con. Neg. (3d
Ed.), Secs. 41-2; 1 Labatt's Master and Servant, Sec. 360.

GAINES, Chief Justice.—Margaret McVey brought this suit in
her own behalf and for the benefit of her minor children to recover of
the plaintiff in error damages for the death of her husband, who was
also the father of the children. His death was alleged to have been
caused by the negligence of the servants of the defendant corporation.
She recovered a judgment in the trial court for herself and the other
beneficiaries of the action—which judgment was affirmed upon appeal.

We are of opinion that the judgment should be reversed and the
cause remanded for error in the charge of the court as to the measure
of damages; and since the other questions were correctly disposed of
in the able and elaborate opinion of Chief Justice Fisher, it would
be a profitless task to state the case in full or to discuss the questions
of which a correct disposition has been made by the Court of Civil
Appeals. We shall therefore in the main confine our remarks to a
discussion of the question of the correctness of the instruction of which
mention has just been made.

The deceased was a section foreman working for a salary of $50
per month and was, at the time of his death, fifty-two years of age
with a life expectancy of a little more than nineteen years. When he
returned home from work he assisted his wife in the performance of
her household duties. The verdict of the jury awarded a recovery in
the aggregate of $20,000, apportioned $8,000 to the widow and $4,000
to each of the three children.

The charge under consideration is as follows: "If you find from the
evidence and under the charges of the court, for the plaintiffs, you
will assess their recovery of damage at such amount, if paid now fully
compensate them for the actual damages, if any, sustained, by them,
as shown by the evidence, and such as is fairly proportioned to the
injury sustained, if any, but you will not allow the plaintiffs anything
by way of solace for the death of said Edward McVey, or for any
sorrow or anguish suffered by them as result of such death." Our
statute which gives a right of recovery for injuries resulting in death
provides, among other things, that "the jury may give such damages
as they may think proportioned to the injury resulting from such death;

and the amount so recovered shall be divided among the persons entitled to the benefit of the action, or such of them as shall then be alive, in such shares as the jury shall find by their verdict." (Rev. Stat., art. 3027.) There could hardly be a statute more vague in its terms than this. It is, however, settled by our decisions, that the damages which may be recovered under the statute are such pecuniary benefits as the plaintiff had a reasonable expectation of receiving from the deceased, had he lived. (City of Galveston v. Barbour, 62 Texas, 172.) By pecuniary benefits is meant not only money, but everything that can be valued in money, and includes in case of a minor child who is suing for the death of a parent the reasonable value of such nurture, care and education as the child would have received from the deceased parent had such parent lived. But neither sorrow for the death of the deceased relative (Houston City St. Ry. Co. v. Sciacca, 80 Texas, 350) nor the loss of his or her society (Taylor B. & H. R. R. Co. v. Warner, 84 Texas, 122) are recoverable in such cases. Now we think it apparent that in the absence of some instruction in a charge of this character as to the damages which were to be estimated and as to those which were to be excluded, a jury would be likely to give compensation both for the grief and the loss of society caused by the death. In the case of the Galveston, Harrisburg & San Antonio Railway Company v. Worthy (87 Texas, 459), the trial court charged the jury upon the measure of damages as follows: "In case you find for plaintiffs, you may give them such damages as you may think proportioned to the injury resulting to plaintiffs from the death of H. C. Worthy," etc. This charge was held to be erroneous, not for the reason that it directly announced any incorrect proposition of law, but because it did not go further and instruct the jury that it was only pecuniary damages which could be allowed—that is to say, as we understand, only compensation for pecuniary loss, or the loss of something the value of which is ordinarily capable of being estimated in money. The instruction in this case does not, as that in Railway Company v. Worthy, supra, stop with telling the jury that they "may give such damages as they may think proportioned to the injury," but goes further and instructs them not to allow anything "by way of solace" or for "any sorrow or anguish suffered by them as a result of" the death. This instruction, as we construe it, means merely to exclude a recovery by the plaintiffs of any compensation for the grief caused by the death of the husband and father. It does not exclude compensation for the loss of the society or companionship of the deceased—which in the opinion of some, if not all of the jurors, may have constituted the most serious injury to the wife at least. Such being the case, to exclude one improper element of the damages and not to exclude another, tends rather to aggravate than to alleviate the tendency of the charge to mislead. "The mention of one thing is the exclusion of another" is a rule in the construction of written instruments. It is no less a rule of common sense and one which suggests itself to the ordinary mind, when construing language either written or spoken to which it is applicable. For example let us suppose that during the deliberation of the jury in this case a suggestion had been made as to giving compensation for the grief of the plaintiff on account of the death of their relative, the answer would

have been that the court had instructed the jury not to give damages on that account. Had the loss of society next been suggested, the answer would have been as ready and as conclusive that the court had not excluded that matter by its charge and therefore the jury should consider and include damages, if any, on that score. We are of opinion therefore that the instruction under consideration was misleading; and we think also by reason of its lack of proper limitations as to the elements of damages which the plaintiffs were entitled to recover, it probably led to the verdict in the case—a verdict seemingly excessive in amount, and certainly under all the circumstances of the case unprecedentedly large.

When we granted the writ of error we were inclined to think that the court erred in refusing to give the third special instruction asked by the plaintiff in error, and we now think that if, as claimed by plaintiff in error, "it appeared by the uncontroverted evidence that Edward McVey knew of the approach of defendant's train to the place of collision with the push car," the charge should have been given. But the only testimony upon the point tending to show his knowledge, so far as has been pointed out to us, was that of Isam Tisdale. He was the only person who was with McVey at the time of the accident and who testified upon the trial. His testimony which tended to show McVey's knowledge of the approach of the train, was that "McVey gave a command to hurry up and get the ties off the push car. He said the train was coming." It does not necessarily follow from this that McVey either by having seen or heard the train was aware of its immediate approach. He knew that the train was due there and would in all probability pass very soon; and he may have relied upon the sound of the whistle at the whistling post to give him warning in time to clear the track. What he meant by the remark was a matter for the determination of the jury.

The question of the excessiveness of the verdict and of our power to reverse the judgment on that ground need not be decided upon the determination of this writ of error.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*