## C. P. LILJEBALD v. SASSE & POWELL.

Decided March 11, 1908.

**1.—Practice—Withdrawal of Evidence.**

When a trial court has withdrawn evidence first held to be admissible, and instructed the jury to disregard the same, there must be strong reason to believe that the improper admission of such evidence in the first instance resulted in harm to the objecting party, in order to justify a reversal upon that ground.

**2.—Set-Off—Verdict—Construction.**

Where a defendant interposes a plea of setoff to plaintiff's claim, and the court instructs the jury to reduce plaintiff's claim to the extent they might find in favor of defendant's setoff, and the jury return a general verdict for the plaintiff for the full amount claimed by him, the verdict must be construed as a finding against defendant's setoff.

**3.—Motion for New Trial—Insufficiency of Evidence—Appeal.**

On appeal, a verdict will not be reviewed upon the ground that it is not supported by evidence, unless the question is presented in the trial court in a motion for new trial and the particulars wherein the evidence is insufficient are specifically pointed out. A mere allegation in the motion for a new trial that "the verdict of the jury is contrary to the law and the evidence, and is not supported by the evidence," is not sufficient.

Appeal from the County Court of Coryell County.  Tried below before Hon. R. E. West.

*Owens Miller,* for appellant.

*J. W. Stinnett,* for appellees.

KEY, ASSOCIATE JUSTICE.—Appellees brought this suit against appellant upon an account aggregating $220.75. ° The defendant answered by general denial and a special answer in which he alleged that he did not purchase from the plaintiffs any of the items set out in the account, except the twine and drill attachment, amounting to $4, which he alleged he had paid since the suit was begun.  He also averred that he purchased from one Armstrong, as agent for the International Harvesting Co. the gasoline engine which constituted one of the items in the plaintiffs' account, and that said agent agreed to install the engine and instruct him how to operate it, and specially warranted that it would develop a specified pumping power, and agreed that if it failed to do so the contract of purchase was to be rescinded.  He charged a breach of that contract, and also alleged that if it should appear that Armstrong was acting as the agent of the plaintiffs in making the sale, then the plaintiffs were bound by said contract; that the consideration for the purchase of the engine had failed and he owed the plaintiffs nothing.  He also pleaded the breach of warranty as a set-off, alleging that he had been damaged by reason of said breach in the sum of $250.

There was a jury trial, which resulted in a verdict and judgment for the plaintiffs for $200, and the defendant has appealed.

The first assignment of error is addressed to the action of the court in permitting Sam Tucker, a witness for the plaintiffs, to testify that he owned a gasoline engine of the same make, but of a different horse power; that he had operated it about two years and it did good work; that he had had some trouble with it, but always found that it was his fault and not that of the engine.  The bill of exception shows that the court first ruled that the testimony was admissible, but after the witness had testified as stated, and before he left the witness stand, the judge changed his ruling and told the jury that the evidence was withdrawn, and that they should not consider it for any purpose.  When a trial court has withdrawn evidence first held to be admissible, and instructed the jury to disregard the same, there : must be strong reason to believe that the improper admission of such evidence has resulted in harm to the objecting party in order to justify a reversal upon that ground.  (Church v. Waggoner, 78 Texas, 200.)  In the present case, there is little to indicate that the evidence referred to was considered by the jury, and therefore the assignment under consideration is overruled.

The third and fourth assignments complain of the verdict upon the ground that it did not dispose of all the issues in the case.  The court instructed the jury among other things, in substance, that if the plaintiffs warranted the engine and there was a breach of such war-

ranty, and the defendant had been damaged by such breach "then the defendant is entitled to recoup against plaintiffs' claim on said account the amount of damages, if any, sustained as a direct consequence of such breach of warranty, if any." The charge also advised the jury as to what would constitute the proper measure of damages for a breach of warranty. The jury returned a general verdict for the plaintiffs for $200, and made no specific finding as to the alleged breach of warranty. Considering the manner in which the case was submitted to the jury, we think the verdict must be construed as involving a finding against the defendant upon his plea of breach of warranty. The jury found for the plaintiffs for the contract price of the engine, and if they had reached the conclusion that there was a breach of warranty, and that defendant had been damaged by reason thereof, they could not, without disregarding the instructions of the court, have found for the plaintiffs the full contract price for the engine.

The fifth and last assignment assails the verdict of the jury. Appellees object to a consideration of that assignment, because the question it seeks to have reviewed was not raised in the court below. The objection is well taken and must be sustained. On appeal a verdict will not be reviewed upon the ground that it is not supported by evidence, unless the question is presented in the court below in a motion for new trial, and the particulars wherein the evidence is insufficient are specifically pointed out. A motion for new trial was filed in this case, one of the grounds being "because the verdict of the jury is contrary to the law and the evidence and is not supported by evidence in the case." Upon what particular issue the evidence was insufficient the motion failed to indicate. It was too general to entitle appellant to have the verdict reviewed by this court. (Dodd v. Presley, 86 S. W., 73.)

No reversible error has been shown and the judgment is affirmed.

*Affirmed.*