INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. MARGARET McVEY ET AL.

Decided April 24, 1908.

**1.—Jury—Separation during Trial.**

A motion that the jury be kept together during the trial is addressed to the discretion of the court, and abuse of such discretion does not appear from the mere fact that the case had excited great interest and sympathy for plaintiffs.

**2.—Evidence—Death—Damages—Care of Parent**

In an action for damages by the death of plaintiffs' father, evidence that their mother, who survived him, but died before the trial, was not strong or healthy, was admissible as bearing on the loss by plaintiffs of the care and nurture from their father which might be expected under such conditions. .

**3.—Evidence—Materiality—Harmless Error.**

The admission of evidence, over objection as to its materiality, is not ground for reversal where not prejudicial to the party complaining.

**4.—Evidence—Rebuttal—Former Testimony.**

The testimony of witness for defendant on a former trial as contained in the statement of facts having been read in evidence, it was within the discretion of the court to permit plaintiffs to read, in rebuttal, from the stenographer's notes, the cross-examination and re-cross examination of such witness.

**5.—Master and Servant—Negligence—Assumed Risk.**

Recovery sustained in case of a section foreman killed in removing a push car from the track in order to avoid collision with a train, the evidence being held to support a finding of negligence of the trainmen and absence of contributory negligence or of assumption of risk by deceased, he acting in an emergency and to avoid peril of life from derailment of train, and these issues held to have been properly submitted.

Appeal from the District Court of Hays County. Tried below before Hon. L. W. Moore.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher* (*N. A. Stedman* and *John M. King,* of counsel), for appellant.—Since McVey knew of the approach of the train to the push-car, of the imminence of a collision and of the danger in which it involved him, in time and with ample opportunity to protect himself from death or injury, and further, he created the situation out of which danger, if any to the passengers arose,—the plaintiffs showed themselves without right to recover. Atlanta & C. Air Line Ry. Co. v. Leach, 91 Ga., 419, approved in West Chicago, etc., Railway Co. v. Liderman, 187 Ill., 463, 52 L. R. A., 655 in particular page 658; Condiff v. Kansas City, etc., R. Co., 45 Kansas, 256; Evansville etc. Ry. Co. v. Hiatt, 17 Ind. 102; Blair v. Grand Rapids, etc., Ry. Co., 60 Mich., 124; Anderson v. Northern Ry. Co., 25 U. C. C. P., 301; McMahy v. Morgan's L. & T. Ry., etc. Co., 45 La. Ann., 1329; Donahoe v. Wabash, etc., Ry. Co., 83 Mo., 560, 53 Am. Rep., 594.

Assumed risk—Texas Portland C. Co. v. Poe, 74 S. W. Rep., 563; San Antonio & A. P. Ry. Co. v. Waller, 65 S. W. Rep., 210; Ft. Worth & D. C. Ry. Co. v. Gilstrap, 61 S. W. Rep., 351; Webb v. Gulf, C. & S. F. Ry. Co., 65 S. W. Rep., 684; International & G. N. Ry. Co. v. Story, 62 S. W Rep., 130; International & G. N. Ry. Co. v. McCarthy, 64 Texas, 632; Bonnet v. Galveston, H. & S. A. Ry. Co., 89 Texas, 72; Texas & Pac. Ry. Co. v. Bradford, 66 Texas, 732; Galveston, H. & S. A. Ry. Co. v. Drew, 59 Texas, 10; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 19; Williams v. Delaware, L. & W. Ry. Co., 116 N. Y., 628; Lovejoy v. Boston & Lowell Ry. Co., 125 Mass., 79; Quill v. H. & T. C. Ry. Co., 93 Texas, 616; Missouri P. Ry. Co. v. Somers, 71 Texas, 700; Mis-

souri P. Ry. Co. v. Somers, 78 Texas, 439; Green v. Cross & Eddy, 79 Texas, 130; Texas & P. Ry. Co. v. French, 86 Texas, 96; Bonnet v. G. H. & S. A. Ry. Co., 89 Texas, 75; Bradford v. Texas & Pac. Ry. Co., 66 Texas, 732.

Distinction between contributory negligence and assumed risk: Texas & N. O. Ry. Co. v. Bingle, 29 S. W. Rep., 675, approved by Supreme Court in Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 287.

Dangerous position discovered too late. Missouri, K. & T. Ry. Co. v. Eyer, 96 Texas, 72–74; Sanchez v. Ry. Co., 88 Texas, 117; Gulf, C. & S. F. Ry. Co. v. Sheider, 88 Texas, 152, 162; Gahagan v. B. & M. Ry. Co. (Sup. Ct. N. H.), 50 Atl., 146; Lewis v. I. & G. N. R. R. Co., 63 S. W. Rep., 1091; Martin v. St. L. S. W. Ry. Co., 63 S. W. Rep., 1089; St. Louis S. W. Ry. Co. v. Branom, 73 S. W. Rep., 1064; International & G. N. R. R. Co. v. Graves, 59 Texas, 330; Texas & P. Ry. Co. v. Fuller, 24 S. W. Rep., 1090; Gulf, C. & S. F. Ry. Co. v. Abendroth, 55 S. W. Rep., 1122; Gulf, C. & S. F. Ry. Co. v Wilson, 59 S. W. Rep., 590.

*A. B. Storey* and *Will G. Barber,* for appellees.—McVey being rightly on the track and it being his duty to remove the cars in order to avoid collision and the probable derailment of the train with its passengers and employes aboard, his remaining upon the track for such purpose was not negligence. International & G. N. R. R. v. McVey, 81 S. W. Rep., 991; Omaha & R. V. Ry. v. Krayenbuhl (Neb.), 67 N. W. Rep., 447; Dailey v. Burlington & M. Ry. (Neb.), 78 N. W. Rep., 722; Walker v. Shelton (Kan.), 52 Pac. Rep., 441; Texas & Pac. Ry. v. Carter, 73 S. W. Rep., 50; Missouri, K. & T. Ry. v. Taff, 74 S. W. Rep., 89; Missouri, K. & T. Ry. v. Goss, 72 S. W. Rep., 94; Britton v. Northern Pac. Ry. (Minn.), 50 N. W. Rep., 231.

Under no condition does the servant assume the risk of injuries which may be inflicted by reason of negligence of the master. And the negligence of an employe acting for the master and in the course of his employment is the negligence of the master. Houston & T. C. Ry. v. Turner, 91 S. W. Rep., 565; Missouri K. & T. Ry. v. Hanning, 91 Texas, 347; St. Louis S. W. Ry. v. McDowell, 73 S. W. Rep., 974; Gulf, C. & S. F. Ry. v. Wilder, 75 S. W. Rep., 546; Gulf, C. & S. F. Ry. v. Cooper, 77 S. W. Rep., 265; Missouri, K. & T. Ry. v. Felts, 50 S. W. Rep., 1031; Southern Pac. Ry. v. Alyward, 79 Texas, 675; Brown v. Sullivan, 71 Texas, 476; Texas & Pac. Ry. v. Eberheart, 91 Texas, 321.

It was within the discretion of the trial judge to permit the jury to separate and unless an abuse of that discretion is shown (which is not the case here), same will not be reviewed. Rev. Stats., arts. 1304-6; Noel v. Denman, 76 Texas, 306; San Antonio & A. P. Ry. v. Bennett, 76 Texas, 151.

If the negligence of appellant or its employes had placed the passengers on its train in peril, then McVey, realizing this, was not guilty of contributory negligence in voluntarily exposing himself to danger in an effort to avert threatened disaster, unless under all the cir-

cumstances then and there surrounding him, his act was rash or reckless, as it would have appeared to a person of ordinary prudence at the time. San Antonio & A. P. Ry. v. Gray, 95 Texas, 427; Missouri, K. & T. Ry. v. Goss, 72 S. W. Rep., 95; Eckert v. Long Island Ry., 43 N. Y., 503; Roll v. Northern C. Ry., 15 Hun, 496; 80 N. Y., 647; Omaha & R. V. Ry. v. Krayenbuhl (Neb.), 67 N. W. Rep., 447; Dailey v. Burlington & M. Ry. (Neb.), 78 N. W. Rep., 722; Walker v. Shelton, (Kan.), 52 Pac. Rep., 441; Schroeder v. Chicago & A. Ry. (Mo.), 18 L. R. A., 831; Cottrill v. Chicago, M. & St. P. Ry., 47 Wis., 634; Pennsylvania Ry. v. Roney, 89 Ind., 453; Corbin v. Philadelphia, 195 Pa. St., 461; Pennsylvania Ry. v. Langendorf, 48 Ohio St., 316; Peyton v. Texas Pac. Ry. Co., 41 La. Ann., 861; Louisville & N. Ry. v. Orr, 121 Ala., 489; Maryland Steel Co. v. Marney, 88 Md., 482; Condiff v. Kansas City, Ft. S. & G. Ry., 45 Kan., 256; The Central Ry. v. Crosby, 74 Ga., 738; Spooner v. Delaware, L. & W. Ry., 115 N. Y., 22; Becker v. Louisville & N. Ry. (Ky.), 61 S. W. Rep., 997; Linnehan v. Sampson, 126 Mass., 506; Donahoe v. Wabash, St. L. & P. Ry., 83 Mo., 560; Belleville Stone Co. v. Mooney (N. H.), 38 At., 835–840; 1 Shear. & Red. on Neg. (5th ed.), sec. 85; 1 Thompson's Neg., secs. 138-198; Beach's Con. Neg. (3d ed.), secs. 41–2; 1 Labatt's Master and Servant, sec. 360.

KEY, ASSOCIATE JUSTICE.—This is the second appeal in this case. The nature of the case is explained in the elaborate opinion of Chief Justice Fisher, reported in 81 S. W. Rep., 991. The judgment then standing against appellant was affirmed by this court, but the Supreme Court sustained an objection to the trial judge's charge upon the measure of damages, and the case was remanded for another trial (99 Texas, 28). On all the other points of law, this court's decision was approved by the Supreme Court.

After the case was remanded Mrs. McVey, one of the plaintiffs, died, and the suit was prosecuted on behalf of the other plaintiffs, who are minors, by their duly appointed guardian. There was another jury trial, resulting in a verdict and judgment for the four plaintiffs for $12,000, apportioned equally among them. The defendant has again appealed and presents the case to this court upon an elaborate brief containing many assignments of errors. Most of the questions presented, and especially the most important questions involved in the case, were decided on the former appeal, and it is unnecessary that they be discussed in this opinion, which will be limited to a consideration of some of the additional questions presented for decision.

After the jury had been selected and before the pleadings had been read or any evidence offered, the defendants filed a motion asking to have the jury kept together and not permitted to separate from that time until they return a verdict, which motion was overruled, and the jury permitted to separate at noon and at night, after being cautioned in the usual manner. It is not shown that they were permitted to separate after the case was finally submitted to them and they retired to consider of their verdict. The

reason assigned for the request embodied in the motion was that the case had excited great interest throughout the county, and that a great deal of sympathy existed in behalf of the plaintiffs. The motion was not verified, but, conceding the facts to be correctly stated therein, we hold that the assignment of error which complains of the action of the court in overruling the motion is untenable. There is no statute requiring juries in civil cases to be kept together from the time the trial begins until its close; and therefore the motion was addressed to the sound discretion of the court, and we find no reason for holding that that discretion was abused. We see no more reason for the supposition that improper influences would be brought to bear upon jurors in this case in behalf of the plaintiffs, than in any other case of equal magnitude. The mere fact of the existence of much sympathy for plaintiffs does not warrant the inference that anyone would attempt to improperly influence a juror.

Over the defendant's objection the plaintiffs were permitted to read from the stenographic report of Mrs. McVey's testimony given at the former trial, to the effect that on the occasion in question her husband, the deceased, did not have the number of men with him he had on former occasions; that sometimes he had six men working under him, while on the occasion in question he had only four. In its answer the defendant charged McVey, the deceased, with contributory negligence in failing to send a man each way with flags while the push-car was being loaded, and that defense was by the charge of the court submitted to the jury. The evidence complained of was admissible upon that phase of the case. In determining whether or not a man of ordinary prudence would have sent out flagmen on the occasion in question, it was proper to take into consideration the number of men at his disposal, because it was necessary for him to retain enough men to load the push-car.

Error is addressed to the action of the court in permitting Dr. White, over the defendant's objection, to testify that Mrs. McVey, the mother of the plaintiffs, and formerly a plaintiff herself, was not a strong, healthy woman. Under the pleadings and evidence, if entitled to recover, the plaintiffs were entitled to compensation on account of the fact that the death of their father deprived them of such personal attention, care, nurture and counsel as they would have received from him had he not been killed. There was testimony tending to show that he was very much attached to and interested in his children; and it is not unreasonable to suppose that the amount of attention, care and nurture which would be bestowed by such a father would depend upon the amount given by the mother, and the latter would be in proportion to her strength and ability. Hence we hold that the evidence referred to was admissible as bearing upon that question (Ry. v. Younger, 38 S. W. Rep., 1121). Furthermore, the only objection made to the testimony was that it was immaterial, remote and speculative. It was not objected to as calculated to improperly influence the jury. While time ought not to be consumed in hearing immaterial testimony, the mere fact that such testi-

mony is admitted does not afford ground for reversal when it is not contended that the complaining litigant was injured by the testimony. It is also proper to note in this connection that the court gave a charge instructing the jury that the plaintiffs were not entitled to recover anything on account of any loss or injury which their mother may have sustained, and could recover only for such pecuniary loss as had been sustained by them on account of the death of their father.

The action of the court in permitting the plaintiffs, while introducing their evidence in rebuttal, to read from the stenographer's report the cross-examination and recross-examination of two of defendant's witnesses affords no sufficient ground for reversal. The objections were that all the testimony of said witnesses had been read in evidence by the defendant from the statement of facts made in the former case, and that the testimony was not rebuttal. The objections made were addressed to the discretion of the court, and it is not shown that such discretion was abused.

There are several assignments of error which complain of the court's charge, and others complaining of the refusal of requested instructions, and still others which assail the verdict of the jury. We think the court's charge, supplemented by instructions given at the defendant's request, presented the law of the case quite as favorably to the defendant as it was entitled to have it presented, and no error was committed in refusing requested instructions.

Testimony was submitted which supports the findings of the jury, which findings are adopted by this court, to the effect that the defendant was guilty of negligence, as pointed out in our former opinion, and that the deceased was not guilty of negligence in attempting to remove the push-car from the track for the purpose of preventing injury to the passengers upon the approaching train.

No reversible error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.