Missouri, Kansas & Texas Railway Company of Texas v. Lucy Wallace et al.

Decided January 2, 1909.

**1.—Measure of Damages—Death.**

A charge allowing a mother to recover for death of the son the present cash value of whatever pecuniary benefit she had a reasonable expectation of receiving during her lifetime from the son had he lived, could not have misled the jury to render a verdict greater than her life expectancy, and this she was entitled to recover.

**2.—Same—Pecuniary Benefits.**

Where, in a suit by the wife, minor children and mother for the death of deceased, the recovery was limited to the present value of the pecuniary benefits plaintiffs had an expectancy of receiving had deceased lived, an instruction that by pecuniary benefits as used is meant not only money but everything that can be valued in money, and in case of the minor children it includes the reasonable pecuniary value of the nurture, care and training, if any, the jury may believe from the evidence they would have received had he lived, was not error, considered in connection with the succeeding instruction not to allow anything for grief or sorrow, or for loss of deceased's society, affection or companionship.

**3.—Death—Damages—Verdict.**

Verdict, in a suit by the wife, minor children and mother for the death of the husband, father and son, in the sum of seventeen thousand five hundred dollars, held not excessive.

Appeal from the District Court of Grayson County. Tried below before Hon. B. L. Jones

*Coke, Miller & Coke, Head, Dillard, Smith & Head* and *Jno. C. Wall,* for appellant.

*Wolfe, Hare & Maxey,* for appellees.

RAINEY, Chief Justice.—This is a suit by the wife, children and mother against the Missouri, Kansas & Texas Railway Company of Texas to recover damages for the negligent killing of Herbert M. Wallace, husband, father and son respectively, of plaintiffs. Wallace was a fireman in appellant's employ and was killed by reason of a head-end collision between the engine he was firing and another operated by appellant's servants. Appellant admitted liability for such pecuniary damages as plaintiffs suffered by the death of said Herbert M. Wallace. A trial resulted in a verdict and judgment in favor of plaintiffs for $17,500, from which the railway company appeals.

The first assignment of error complains of the third paragraph of the charge which reads as follows: "You are instructed to find for plaintiffs such sum as you find and, believe from the evidence to represent the present worth or value of the pecuniary benefits, if any, which you believe from the evidence his wife and children and mother, who are plaintiffs herein, had a reasonable expectation that the said H. M. Wallace would have contributed to them in the future had he not been killed, and you will apportion the amount you find among the plaintiffs in such sum as you may determine each is entitled to receive." In this connection appellant requested the following instruction, viz.: "In this case you are instructed that the mother, Amanda Wallace, is entitled to recover of and from the defendant the present cash value of whatever pecuniary benefit she had a reasonable expectation of receiving during her lifetime from her son, H. M. Wallace, had he lived." The contention of appellant is that the measure of the mother's damage was the reasonable value of the pecuniary benefits she had a reasonable expectation of receiving *during her lifetime,* and not the value of the pecuniary benefits she had a reasonable expectation of receiving *during his lifetime* had he lived, as was charged by the court, and that the court's charge was misleading to the jury. We can see no practical difference between the charge given and the one asked. The mother could not have had any expectation of pecuniary benefit from her son had he lived beyond the period of her life, so the jury could not have possibly been misled by the court's charge in rendering for the mother a verdict by reason of said charge greater than her life expectancy, and this she was entitled to. (St. Louis S. W. Ry. Co. v. Bowles, 32 Texas Civ. App., 118.)

The third assignment of error complains of the fourth paragraph of the court's charge, which is as follows: "By 'pecuniary benefits' as here used is meant not only money, but everything that can be valued in money, and in the case of the minor children it includes the reasonable pecuniary value of the nurture, care and training, if

any, you may believe from the evidence they would have received from their deceased father during their minority had he lived." In this connection appellant requested the following special charge, which the court refused, viz.: "In this case you are instructed that you can allow nothing to the minor children for loss of the care, nurture and training of their father except for such care, nurture and training as would have pecuniary value, and if you in your verdict allow anything for the minor children for being deprived of such care, nurture and training of the father, H. M. Wallace, you are instructed that you can allow only such sum as taken as a present cash payment will reasonably compensate them for the pecuniary loss they have sustained in being deprived of such care, nurture and training of their father, H. M. Wallace." In the third paragraph of the charge the court limited a recovery to the present worth or value of the pecuniary benefits the plaintiffs had an expectancy of receiving had Wallace lived, and in the fourth paragraph he defined what "pecuniary benefits," as used in paragraph three, meant, and what it included in case of minor children, and in paragraph five he told them not to allow anything for grief or sorrow on account of the death of Wallace, or for loss of his society, affection or companionship. The fourth paragraph of the charge here complained of is a substantial copy of a charge approved by the Third Court of Appeals in Houston & T. C. Ry. Co. v. Rutland, 45 Texas Civ. App., 621, and in which a writ of error was denied by the Supreme Court. (International & G. N. Ry. v. McVey, 99 Texas, 28; Gulf, C. & S. F. Ry. v. Younger, 90 Texas, 387.) Taking the charge as a whole, we think the court fairly and fully presented the issues involved and was sufficient to embrace the point expressed in the special charge refused.

It is complained that the verdict is excessive. While the verdict is large, we are not prepared to say that it is not supported by the evidence. There was nothing on the trial calculated to inflame the minds of the jury, or to show that they were prejudiced in any way. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.