EL PASO ELECTRIC RY. CO. v. BEN-
JAMIN et al.   (No. 833.)

(Court of Civil Appeals of Texas. El Paso.
April 4, 1918. On Rehearing, May 2, 1918.)

1. STREET RAILROADS ⊜117(5) — PERSONAL
   INJURIES—JURY QUESTION.

   Where the evidence shows that the collision and consequent death of plaintiff's wife was proximately caused by the negligence of the motorman of defendant's street car, and that deceased was not contributorily negligent, a peremptory instruction for the defendant was not warranted.

2. NEGLIGENCE ⊜136(30)—IMPUTED NEGLI-
   GENCE.

   The negligent failure of the driver of an automobile to yield the right of way to a street car as required by city ordinance, and which resulted in a collision, is not imputable, as a matter of law, to one riding as a mere guest.

3. STREET RAILROADS ⊜118(13)—CROSSING
   ACCIDENTS—CARE REQUIRED.

   An instruction that plaintiff's deceased wife was not guilty of contributory negligence, if she was a mere guest and in no control over the automobile, unless she failed to keep a lookout for defendant's street car, and failed to warn the driver of its approach, or negligently rode with the curtains as they were, *held* fair to defendant.

4. TRIAL ⊜251(8)—INSTRUCTIONS—APPLICA-
   BILITY TO CASE.

   Refusal of an instruction drawing distinction as to whether defendant's street car ran into the automobile or the automobile ran into

the street car, causing the death of plaintiff's wife, was not error, where the petition was broad enough to cover either phase of the case.

5. STREET RAILROADS ☞90(3) — INJURIES — LOOKOUT—LAW OF THE ROAD.

An ordinance providing that drivers shall look out for and give the right of way to vehicles approaching street crossings from the driver's right does not relieve a motorman from the duty to look out for an automobile approaching from his left.

6. STREET RAILROADS ☞117(8)—INJURIES TO PERSONS ON TRACK—QUESTION FOR JURY.

Where there was ample evidence that the motorman was negligent in not having his car under reasonable control on approaching the street crossing, where it collided with an automobile causing the death of plaintiff's wife, the court properly submitted the issue to the jury.

7. DEATH ☞104(6)—MEASURE OF DAMAGES— INSTRUCTION—"PECUNIARY BENEFIT."

An instruction that by "pecuniary benefit" is meant, not only money, but everything that can be valued in money, and in the case of minor children the reasonable pecuniary value of the nurture, care, and education, if any, the jury believed from the evidence they would have received from their mother, deceased during their minority, had she lived, but that the jury would not allow anything for grief or sorrow or for the loss of the mother's society, affection, or companionship, held proper.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Pecuniary Benefit.]

8. DEATH ☞91—MITIGATION.

That children have an older sister, who might nurture and care for them as their mother would have done, is not to be considered in mitigation of damages for death of mother.

9. APPEAL AND ERROR ☞1053(2)—HARMLESS ERROR.

Assignments of error as to the admission of evidence present no reversible error, where the court instructed the jury to disregard the same for all purposes, and where such evidence was competent and admissible in rebuttal of evidence offered by defendant, and admitted over plaintiff's objection.

10. DEATH ☞99(4)—EXCESSIVE VERDICT—PECUNIARY LOSS.

Damages awarded to two minor children, in respective sums of $3,000 and $6,000, for the wrongful death of their mother, held not excessive, nor indicative of passion or prejudice.

On Rehearing.

11. TRIAL ☞229, 240—INSTRUCTION—ARGUMENT AND REPETITION.

Appellant's offered instruction, which was argumentative, and, if given, would have been an undue repetition of defense issues submitted in the main charge, was properly refused.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by F. H. Benjamin and others against the El Paso Electric Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed. Rehearing denied.

Davis, Goggin & Harrington, of El Paso, for appellant. Goldstein & Miller, of El Paso, for appellees.

HIGGINS, J. Mrs. F. H. Benjamin was riding as a guest of Mrs. R. L. Morris in an automobile being driven northerly on Octavia street, in the city of El Paso. The car was driven by Mrs. Morris. At the intersection of Octavia and Arizona streets, the automobile collided with a street car of appellant, which was going westerly on Arizona street. As a result of the collision, Mrs. Benjamin was killed. The undisputed evidence shows that Mrs. Benjamin had no control over the operation of the automobile. This suit was brought by her surviving husband and children to recover damages resulting from her death. Verdict was returned and judgment rendered for $9,000, in favor of two of the minor children, apportioned as follows: To Katherine Benjamin, $3,000; to Margaret Benjamin, $6,000. Nothing was awarded the other plaintiffs. From this judgment, the defendant appeals.

[1-3] It is assigned as error that a peremptory instruction in defendant's favor should have been given, and that the evidence is insufficient to support the verdict and judgment. There is evidence in the record that the collision and consequent death of Mrs. Benjamin was proximately caused by the negligence of the motorman operating the street car, and that it was not caused or contributed to by any negligence on the part of the deceased. An issue of fact was raised, which it was the province of the jury to pass upon, and its finding is supported by the evidence. It will serve no purpose to incumber this opinion with a statement of the evidence supporting this conclusion. In this connection it is asserted that the failure of the automobile to yield the right of way to the approaching street car, as required by city ordinance, was the cause of the accident, and therefore the accident was the result of no negligence on the part of defendant. The finding of the jury establishes defendant's negligence as a proximate cause of the accident, and, conceding that the failure of the automobile to yield the right of way was a contributing negligent cause, yet the negligence in this respect of Mrs. Morris, the driver, was not imputable to the deceased. Railway Co. v. Kutac, 72 Tex. 643, 11 S. W. 127; Railway Co. v. Rogers, 91 Tex. 52, 40 S. W. 956; Railway Co. v. Gibson, 83 S. W. 864; Lyon v. Phillips, 196 S. W. 995.

The refusal of defendant's special charge No. 4 presents no error, for the reason that every defensive issue therein submitted was sufficiently covered by the general charge and special charge No. 5 given at defendant's request.

Error is assigned to that portion of paragraph 9 of the charge which reads:

"The negligence of the driver, Mrs. Morris, if any, cannot be imputed to Mrs. May Benjamin, unless Mrs. Benjamin had some control over the operation of the automobile."

The entire paragraph reads:

"The negligence of the driver, Mrs. R. L. Morris, if any, cannot be imputed to Mrs. May Benjamin, unless Mrs. Benjamin had some control over the operation of the automobile. Defendant relies, in part, on the contributory neg-

ligence of Mrs. May Benjamin, and in this connection you are instructed that if you find that Mrs. May Benjamin was negligent in riding in the automobile with the curtains as they were, and that such negligence, if any, proximately caused or proximately contributed to cause her injuries, plaintiffs cannot recover; or if Mrs. Benjamin failed to keep a lookout for the approach of the street car, and failed to warn the driver of the automobile, Mrs. Morris, of the approach of said car, and if you find that Mrs. Benjamin was negligent in failing to keep a lookout for the street car, or in failing to warn Mrs. Morris of its approach, and that such negligence, if any, of Mrs. Benjamin proximately caused or proximately contributed to cause her injuries, plaintiffs cannot recover, and your verdict will be for the defendant."

Under the authorities in this state, the negligence of Mrs. Morris in the operation of the car, if any, cannot be imputed to the deceased. See authorities, supra. The instruction quoted presented fully all defensive issues presented by the evidence arising out of the actions of the deceased at the time and place of the accident. It covered fully all suggested phases of contributory negligence of deceased and is in accordance with the rule announced in the Kutac Case. It was not misleading, and, if anything, imposed a greater burden upon appellees than the law required.

[4] It is complained that:

It was error to refuse defendant's special charge which reads: "'If you believe from the evidence that the street car of the defendant did not run into the automobile in which Mrs. Benjamin was riding, but that said automobile ran into the street car, you will find for the defendant'—because plaintiff's case was based upon damages alleged to have been sustained as the proximate consequence of defendant's street car running into the automobile in which Mrs. Benjamin was riding, and plaintiffs were not entitled to recover if the automobile ran into the street car and the street car did not run into the automobile."

That a collision occurred is undisputed. This could not be, unless the two objects ran into each other. This charge seeks to draw a fine-spun and technical distinction, which we think is unwarranted. However this may be, the allegations in the petition are broad enough to cover either phase of the case, so it makes no difference whether the car ran into the automobile, or vice versa.

[5] Under the eighth and ninth assignments, complaint is made of the submission of the motorman's failure to maintain a proper lookout as the street car approached Octavia street. This proposition is submitted:

"A necessary element of negligence is a legal duty, and without a legal duty resting upon the party charged with the breach of such duty, there can be no negligence or any other species of tort."

Defendant apparently bases this proposition upon an ordinance of the city of El Paso which reads:

"The driver of all vehicles in or upon every street must look out for and give right of way to vehicles approaching simultaneously from their right at street intersections, except as otherwise provided in this ordinance."

As we understand appellant's contention, it is that by virtue of this ordinance there was no legal duty resting upon the motorman to maintain a lookout for the automobile, which was approaching from his left. We do not conceive this to be the law. Upon the contrary, it was the duty of the motorman to keep a proper lookout for all persons attempting to cross the car tracks at the intersection of public streets. Railway Co. v. Smith, 87 Tex. 348, 28 S. W. 520; Railway Co. v. Phillips, 37 S. W. 620; Railway Co. v. Gibson, 83 S. W. 863.

The tenth and eleventh assignments complain of the submission of the motorman's failure to exercise ordinary care to avoid a collision after discovering the approach of the automobile; the proposition advanced being as follows:

"The court by its charge nullifies the city ordinance that requires the automobile to give right of way to the street car, and adopts the contrary rule, that it was the duty of the motorman, upon discovering the approach of the automobile, to use such care and caution as a man of ordinary prudence would commonly use under the same or similar circumstances to give right of way to the automobile."

We do not see how the submission of this issue nullifies the ordinance. The ordinance certainly does not have the effect of relieving the driver of a vehicle from exercising ordinary care to avoid collision with a vehicle which he sees approaching from his left. The ordinance prescribes a rule of the road, but a driver is not thereby relieved of the duty to use ordinary care to avoid injury to one who is not observing the rule.

[6] There was ample evidence to raise the issue of negligence on the part of the motorman in not having his car under reasonable control in approaching the Octavia street crossing. The court, therefore, properly submitted the issue.

[7] The court's charge defined pecuniary benefit as follows:

"By pecuniary benefit is meant, not only money, but everything that can be valued in money, and, in the case of minor children, the reasonable pecuniary value of the nurture, care, and education, if any, you believe from the evidence they would have received from the said May Benjamin, deceased, during their minority, had she lived. If you find for the plaintiffs, you will not allow them anything for any grief or sorrow for the death of the said May Benjamin, or for the loss of her society, affection, or companionship."

This definition is the approved and accepted charge upon that subject in this state. It correctly states the law, and was properly given. Railway Co. v. Williams, 117 S. W. 1043; Railway Co. v. McVey, 99 Tex. 28, 87 S. W. 328; Railway Co. v. Hur-

dle, 142 S. W. 992; Railway Co. v. Younger, 90 Tex. 387, 38 S. W. 1121. Under these authorities, such an instruction is proper, even though the evidence shows that the mother made no contribution of money for the benefit of the family, or minor children. Under the authorities cited, the definition was correct, and all of the objections urged against it are overruled.

[8] It is further objected to this charge that it was tantamount to an order that the jury put a pecuniary value upon the nurture, care, and education that would have been received from the mother, and find that value in favor of the minor children, though the jury believed the nurture, care, and education that the minors would receive from their adult sister was of more value than that which they would have received from their mother, had she lived. The charge is not subject to the criticism indicated. The fact that the minor children had an adult sister, who to some extent would supply the place of the mother, does not in any wise operate to mitigate the damages for which appellant is liable, for the negligent killing of Mrs. Benjamin. Younger Case, supra.

[9] Assignments 19 to 25 complain of the admission of improper evidence. They present no reversible error for two reasons. In the first place, the court withdrew the same from the jury, and instructed it to disregard the same for all purposes. Church v. Waggoner, 78 Tex. 203, 14 S. W. 581. Furthermore, it was competent and properly admissible in rebuttal of evidence offered by defendant, and admitted over plaintiff's objection. For this reason, defendant is not in a position to complain of its admission.

[10] The remaining assignments assert that the verdict in favor of the two minor children, for $3,000 and $6,000, respectively, is excessive, and shows that it was the result of passion and prejudice. We do not regard the amount of the verdict as excessive, or as indicating passion or prejudice. Railway Co. v. Johnson, 10 Tex. Civ. App. 254, 31 S. W. 255; Railway Co. v. Riden, 194 S. W. 1163.

Affirmed.

## On Rehearing.

Appellant urgently insists that we erred in holding that defendant's special charge No. 4 was properly refused, for the reason that every defensive issue therein submitted was sufficiently covered by the general charge No. 5, given at defendant's request. [11] We adhere to this ruling, but it may be well to say that it was properly refused for the further reason that it was argumentative; further, that to have given the same would have been an undue repetition of defensive issues submitted in the main charge and special charge No. 5.

Motion for rehearing is overruled.