### J. A. Pope v. St. Louis Southwestern Railway Company.

No. 2298.   Decided April 23, 1913.

1.—Railway—Injury to Servant—Defective Implement—Assumed Risk.

Where the employee of a railway company is injured through defect in an implement, and the employer is negligent in furnishing it for his use, the injured servant can not be denied recovery on the ground that he had assumed the risk by electing and using the defective tool when he might have obtained a proper one, if a man of ordinary prudence would, under all the circumstances have used the tool in its condition (Rev. Stats., 1911, art. 6645). (P. 54.)

2.—Same—Case Stated—Question of Fact.

An employee of a railway, engaged in "stripping" scrap-iron, had his eye destroyed by a splinter of wood driven by a blow of the hammer from the battered head of a chisel selected by him out of several in the box of tools furnished by the company for his use. There was evidence that he might, on application therefor, have obtained a chisel not defective. Held, that the question of his assumption of the risk by failing so to do was one of fact for the jury to determine, it depending on whether a man of ordinary prudence would have used the chisel employed by him under the circumstances; assumed risk under Rev. Stats., art. 6645, becomes a question of contributory negligence; an instruction that plaintiff could not recover if he could have procured a reasonably safe chisel on application and knew that he could, was erroneous in treating the question as one of law. (Pp. 53-55.)

3.—Case Distinguished.

Gulf, C. & S. F. Ry. Co. v. Larkin, 98 Texas, 225, distinguished from the present case as involving a simple instrument which the master was under no duty to inspect. (P. 54.)

4.—Railway—Defective Implement—Contributory Negligence—Damages.

Under article 6649, Rev. Stats., 1911, the contributory negligence of an employee in knowingly using a defective and dangerous implement which the

railway company employing him was negligent in furnishing for his use, does not wholly defeat his right to recover, but is ground for diminishing the damages in proportion to the respective negligence of the parties. (P. 55.)

Error to the Court of Civil Appeals, Sixth District, in an appeal from Smith County.

Pope sued the railway company, appealed from a judgment for defendant, and obtained writ of error on its affirmance by the Court of Civil Appeals.

*Johnson & Edwards,* for plaintiff in error.—The said charge placed on plaintiff the duty of obtaining a chisel at the blacksmith shop of his own accord, or at the storeroom by applying for a requisition from the foreman, without reference to whether there was any rule or custom of supplying chisels to plaintiff and his fellow workmen which required or permitted plaintiff to obtain chisels with which to work in either of such ways, and without reference to whether a person of ordinary prudence, in the same circumstances, would have obtained a chisel at the blacksmith shop of his own accord or from the storeroom on requisition of the foreman. Drake v. Railway Co., 99 Texas, 240; Buchanan v. Blanchard, 127 S. W., 1153; Railway Co. v. Triperina, 51 Texas Civ. App., 100; Railway Co. v. Patrick, 50 Texas Civ. App., 491; Bookrum v. Railway Co., 57 S. W., 949; Railway Co. v. Woods, 35 S. W., 879; Fordyce v. Yarbrough, 1 Texas Civ. App., 260; Bridge Co. v. Olsen, 108 Fed., 335; Kerr-Murry Mfg. Co. v. Hess, 98 Fed., 56; LaBatt, Master and Servant, secs. 416-417.

*E. B. Perkins* and *Marsh & McIlwaine,* for defendant in error.— Where the evidence is such that the jury could not properly render any verdict other than that returned by them, the judgment based on the verdict will not be reversed, although the trial court may have committed error in its charge. Croley v. Railway Co., 56 S. W., 615; Gulf, C. & S. F. Ry. Co. v. Larkin, 98 Texas, 225; Drake v. Railway Co., 99 Texas, 240.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

In the year 1909 the plaintiff was in the employ of the defendant, a member of what was known as the "scrap gang," and a part of his duty was to "strip" iron, which was done by using an iron chisel with a handle to it and a hammer. The defendant company furnished a number of chisels in a box to which the employees would resort to select a chisel when needed from those placed therein by the company for use by the "scrap gang."

On the 3rd day of September, 1909, Pope was engaged in the yards at Tyler, Texas, "stripping" iron, which was done by two men, Pope was wielding the hammer while Maddox held the chisel in place. The head of the chisel was battered so that a sliver flew off and struck Pope in the eye, destroying the sight. Pope selected the chisel from the box and saw that the head of it was battered, but it was the best

in the box and he thought he could use it safely. There were other places where Pope could have secured a better chisel if he had applied for it. We will assume that he knew that he could have secured a safe chisel, although the evidence is not clear on that point. This statement is sufficient for the disposition of the case.

The court charged the jury as follows: "You are charged that although you may believe from the evidence that there were no reasonably safe chisels in the tool-box at the time plaintiff selected the chisel that he was working with when injured, yet if you believe that plaintiff could have procured a reasonably safe chisel at the blacksmith shop of his own accord, or could have procured a reasonably safe chisel from the storeroom on the requisition of the foreman, and that plaintiff knew or by the exercise of ordinary care in the performance of his work must have necessarily have known that he could have procured such chisel at the blacksmith shop or from the storeroom as hereinbefore stated, then it will be your duty to return a verdict for the defendant in this case."

The undisputed evidence in this case shows that the chisel which plaintiff used was defective in the condition of its head, being battered, and that the defendant in error placed that chisel with many others in a box to which the "scrap gang" would resort when a chisel was needed. Pope went to the box and selected that one used. The injury was caused by a sliver which under the blows of the hammer flew off the battered head and struck plaintiff's eye.

Two questions, when correctly answered, determine the rights and liabilities of the parties: (1) Was the defendant guilty of negligence in furnishing to its employees the chisel in its battered condition and in the manner it did by placing it in the box containing other chisels for the employees to select from? If not, the cast must fail. If defendant was negligent then these questions arise: First, did Pope use ordinary care in selecting the chisel from the box; and, second, would a man of ordinary prudence under all the circumstances have used the chisel in its then condition? If either question be answered in the negative the plaintiff can not recover. Each of the questions stated above were issues of fact to be submitted to the jury, which the trial court did not do. The charge assumed that it was the duty of Pope to resort to other places in order to secure a suitable tool. The fact that Pope might have procured a safe tool at another place might be an important fact for the jury in deciding the question of his negligence in taking that one he did select. But it was not negligence as a matter of law that he did not apply at other places. We deem it proper here to say that in the case of Gulf, C. & S. F. R. Co. v. Larkin, 98 Texas, 225, the only question was whether a lantern was such a simple instrument as a matter of law that the company was not required to inspect it. Due care had been exercised in selecting it, and this court held that the railroad company had discharged its duty. The difference in the effect of the use of a lantern, and the use of such instrument as a chisel for cutting iron or steel, is a matter of common knowledge and requires a court in the discharge of its duty to place them in different classes.

The lantern may well be denominated simple, within the meaning of the law, and the chisel may or may not be simple; therefore, it may be a question of fact for the jury, or of law to be decided by the court.

The character of the chisel used in this case was a question of fact for the jury. Johnson v. Missouri P. Ry. Co., 96 Missouri, 340, 9 Am. St. Rep., 351. We refer to the elaborate note to Vanderpool v. Partridge, 13 L. R. A. (N. S.), 668.

In the charge given to the jury the trial court assumed that as a matter of law it was the duty of Pope to resort to the shop and to the store to procure a suitable chisel, and that failing to do so he assumed the risk of using the one chosen by him. This was error, the question should have been submitted to the jury, whether the circumstances showed that plaintiff was guilty of negligence which cast the risk upon him. If the facts were such that the plaintiff would ordinarily assume the risk of using the defective chisel, then the court in submitting that issue to the jury should have informed them that the defense would not prevail if under the facts a man of ordinary prudence would have continued in the use of the tool.

Article 6645, Revised Statutes, 1911, reads: "Second. Where a person of ordinary care would have continued in the service with the knowledge of the defect and danger, and in such case it shall not be necessary that the servant or employee give notice of the defect as provided in subdivision 1 of this article."

If the facts shall show that the railroad company was negligent in furnishing the chisel, therefore liable for the injury, and that Pope was guilty of negligence which contributed to the injury, the plaintiff would nevertheless be entitled to recover his damages, "but the damages should be diminished by the jury in proportion to the amount of negligence attributable" to Pope. Art. 6649, Rev. Stats., 1911.

If the railroad company was negligent, so as to make it liable, it can not escape liability under the law because of the negligence of plaintiff, but can have the damages reduced; nor will the assumption of the risk by Pope defeat the action if it appear that a man of ordinary prudence would have used the chisel.

For the error in the charge given by the trial court the judgments of the Court of Civil Appeals and of the District Court are reversed and the cause is remanded to the District Court of Smith County for trial. It is further ordered that the defendant in error pay the costs of this court and the Court of Civil Appeals.

*Reversed and remanded.*