STEPHENVILLE, N. & S. T. RY. CO. v. SHELTON.

(Court of Civil Appeals of Texas. Austin. Jan. 21, 1914. Rehearing Denied Feb. 25, 1914.)

NEGLIGENCE (§ 101*)—CONTRIBUTORY NEGLIGENCE—EFFECT—DIMINUTION OF RECOVERY.

In an action for an injury to a servant, contributory negligence is not an absolute defense but operates only as a diminution of the recovery.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 85, 163, 164; Dec. Dig. § 101.*]

Appeal from District Court, Hamilton County; J. H. Arnold, Judge.

Action by W. L. Shelton against the Stephenville, North & South Texas Railway Company. From judgment for plaintiff, defendant appeals. Affirmed.

Marshall Ferguson, of Stephenville, for plaintiff in error. Langford & Chesley, of Hamilton, for defendant in error.

KEY, C. J. W. L. Shelton brought this suit against the Stephenville, North & South Texas Railway Company for damages resulting from personal injuries alleged to have been caused by the negligence of the defendant. Defendant pleaded a general denial and special plea of contributory negligence and assumed risk. There was a jury trial, which resulted in a verdict and judgment for the plaintiff for $1,000, and the defendant has prosecuted a writ of error.

No complaint is made in this court of the verdict of the jury, and we therefore assume that it is sustained by testimony. The assignments of error presented for our consideration are addressed to certain paragraphs of the court's charge and to the refusal to give certain requested instructions. These assignments present no new questions of law, and therefore we deem it unnecessary to discuss them in this opinion further than to say that, in our judgment, the charge of the court presented the case to the jury with reasonable accuracy and with entire fairness to the defendant; and the requested instructions on the question of contributory negligence were fundamentally erroneous because they treated contributory negligence as an absolute defense, and ignored the fact that, on account of comparatively recent legislation, such negligence is not an absolute defense in this class of cases, but oper-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ates only as a diminution of the amount which otherwise might be recovered. The court's charge on the subject of assumed risk rendered it unnecessary to give any further charge upon that subject.

No reversible error has been pointed out, and the judgment is affirmed.