MARSHALL & E. T. RY. CO. v. RIDEN et al. (No. 1778.)

(Court of Civil Appeals of Texas. Texarkana. April 10, 1917. Rehearing Denied May 3, 1917.)

1. MASTER AND SERVANT ⊜═204(1).—INJURIES TO SERVANT — ASSUMPTION OF RISK — STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 6645, providing that, as applied to railway employés the defense of assumed risk when based upon the fact that the employé knew of the defect or danger which caused his injury should not be available where the employer had been informed by the employé of the defect in time to enable him to repair it or knew of the defect without having received such information from the employé, or where a person of ordinary prudence would have continued in the service of the employer with knowledge of the defect and danger when the master knows of the defect, there is no assumption of risk on the part of the employé because he also knew of it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 544.]

2. MASTER AND SERVANT ⊜═280—INJURY TO SERVANT—EVIDENCE—SUFFICIENCY.

In an action for death of a railway conductor resulting from a derailment of the train in which he was riding, evidence held to show that the defective condition of the trucks under one or more of the coaches which caused the derailment of the train was known to the defendant's master mechanic, whose duty it was to make the repairs, so that the defense of assumption of risk was not available.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 981–986.]

3. MASTER AND SERVANT ⊜═296(1)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

As it was neither alleged nor proved that the condition of the coach trucks were such that an ordinarily prudent person situated as the deceased would not have operated the train with knowledge of that condition, or that he was negligent as alleged in the management of a box which struck him, the court properly ignored the issue of contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1180.]

4. DEATH ⊜═99(4)—EXCESSIVE DAMAGES.

As the evidence shows that the deceased was about 34 years of age was earning a regular salary of $125 a month, and sometimes made more by working overtime, an award of $13,000 in favor of a minor child was not so excessive as to require a reversal of the judgment or a remittitur as a matter of law.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 125, 126, 129.]

5. DEATH ⊜═86(2)—MEASURE OF DAMAGES—LOSS OF PARENT BY MINOR.

In determining the pecuniary damages which a minor sustains in the loss of a parent, the jury may consider the reasonable value of the nurture, care, and education the child would probably have received from the deceased parent.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 108, 109, 112–114, 117, 119.]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by Mrs. C. M. Riden and others against Marshall & East Texas Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

F. H. Prendergast, of Marshall, for appellant. Beard & Davidson, of Marshall, for appellee.

HODGES, J. On October 18, 1915, C. M. Riden, a conductor in the service of the appellant, was injured in a railroad wreck resulting from a derailment of the train on which he was riding. A short time afterwards he died as a result of those injuries. This suit was instituted by his widow and minor child and his father and mother for damages. A trial before a jury resulted in a judgment against appellant for $21,000, which was apportioned as follows: To the widow, $7,000; to the minor son, $13,000; and to the father and mother, $1,000.

The facts show that the train was on its return trip from Winnsboro to Marshall, and while rounding a curve the trucks under one

of the coaches left the track, which derailed the train while passing over a trestle.

Complaint is made of the following portions of the court's charge:

"(12) You are instructed that, where a personal injury is sustained by an employé of a railroad corporation, and such injury is caused by the negligence of such corporation, the plea of assumed risk shall not be available as a defense by said corporation when the ground of such plea is knowledge, or means of knowledge, by the injured party of the defect, if any, which caused the injury, provided the employer or master, or the employé's superior, intrusted by the master with the authority to remedy or cause to be remedied such defect, if any, also knows of such defect, and in such cases the employé is not required to report the defect, if any, to his employer or superior.

"(13) You are therefore instructed that, although you believe from the evidence that the trucks under the passenger coaches, or either of said coaches, were defective, and that such defect was known to deceased, Clifton M. Riden, he did not assume the risk or become guilty of contributory negligence in remaining in the employ of the defendant company, if you believe that his superiors or employers, whose duty it was to repair and maintain the said trucks, also knew of their defective condition, and had promised, or impliedly promised, to remedy said defects.

"(14) On the contrary, if the defendant, or its employés intrusted with the duty of maintaining its trucks, in the exercise of ordinary care to perform their duty, did not know of such defect at the time that the deceased was injured, and you believe from the evidence that deceased did know of such defect and had an opportunity before being hurt or injured to inform the defendant, or such agents as were charged with the duty of maintaining and repairing said trucks, of their defective condition, if they were defective, and that the failure on his part to report such condition was negligence, and you further believe that a person of ordinary care, under the same or similar circumstances, with a knowledge of such defects, if any, and the danger incident thereto, would not have continued in the service of the defendant company, then you will find for the defendant."

These different paragraphs were objected to substantially upon the ground that the issue of contributory negligence resulting from the known defective condition of the trucks was ignored. The thirteenth paragraph is objected to upon the further ground that there was not evidence of an express or implied promise to repair the defect; and the fourteenth paragraph is objected to upon the ground that it placed too great a burden upon the railway company.

[1, 2] The above paragraphs refer principally to the defense of assumed risk. Under the common-law rule the servant assumed the risk of injury from any defect in the appliances he was to use of which he had notice, whether the defective condition resulted from the negligence of the master or not. The statute of 1905, which appears as article 6645 of our present Code, modified that rule as applied to railway employés. It is in substance there provided that the defense of assumed risk, when based upon the fact that the employé knew of the defect or danger which caused his injury, should not be available in the following cases: First,

where the employer had been informed by the employé of the defect in time to enable him to repair it, or knew of the defect without having received such information from the employé; and, second, where a person of ordinary prudence would have continued in the service of the employer with the knowledge of the defect and danger. From this it follows that when the master knows of the defect there is no assumption of the risk on the part of the servant because he also knew of it. The evidence in this case justifies the conclusion that the defective condition of the trucks under one or more of the coaches caused the derailment of the train, and it is undisputed that the appellant's foreman and master mechanic, whose duty it was to make those repairs, had actual notice of that condition some time previous to the accident. There would therefore have been no error had the court assumed such notice and instructed the jury that the defense of assumed risk was not available, without reference to any promise on the part of the employer to repair the defect.

[3] There may be instances where the defective condition of the cars is such that an ordinarily prudent person, acting in the capacity of a conductor, would not risk the danger of being injured by their operation. When an injury occurs under those circumstances, the issue of contributory negligence arises and may be a partial defense to the suit for damages; but such negligence, to be available as a defense, must be pleaded, except under certain well-known conditions. In this case the appellant pleaded contributory negligence only with respect to the management of a box carried on the train, in which were contained the conductor's lantern and some other appliances. The evidence showed that in the derailment this box fell on Riden and caused the injuries from which he died. There is no evidence from which the jury might have concluded that he should have managed this box in a different manner in the exercise of proper care for his own safety. It was neither alleged nor proved that the condition of the trucks was such that an ordinarily prudent person situated as Riden would not have operated the train with a knowledge of that condition; hence the court committed no error in ignoring the issue of contributory negligence in that respect.

There are other assignments of error based upon the refusal of the court to give a number of special charges. We have examined all of these special charges, and deem it unnecessary to discuss them in detail. Some of them are sufficiently covered by portions of the court's general charge, and the others are either inapplicable or erroneous.

[4] It is contended that the verdict of the jury was excessive. The evidence shows that Riden was a few months over 34 years of age, and was earning a regular salary of $125

per month, and that he sometimes made more than that by working overtime. It was shown that he was a man of prudent habits and was disposed to save his earnings. The complaint of excessive allowance is directed mainly to the award of $13,000 in favor of the minor child. The evidence showed that the child was a boy about two years of age. It is true the allowance is a liberal one, but we cannot say as a matter of law that it was so excessive as to require a reversal of the judgment or a remittitur.

[5] It is well settled by the decisions in this state that in determining the pecuniary damages which a minor sustains in the loss of a parent the jury may take into consideration the reasonable value of the nurture, care, and education the child would probably have received from the deceased parent. I. & G. N. Ry. Co. v. McVey, 99 Tex. 28, 87 S. W. 328. This opens up a wide field, which should be limited by the facts of each particular case.

The judgment is affirmed.