STEPHENVILLE, N. & S. T. RY. CO. v. SHELTON.   (No. 34—2681.)

(Commission of Appeals of Texas, Section B. Feb. 19, 1919.)

1. MASTER AND SERVANT ☞291(8)—INJURIES TO SERVANT—INSTRUCTION — LACK OF SUPPORT IN EVIDENCE.

In action against railroad for injuries to servant while lowering pipe into well, in view of evidence, instruction that if jury believed plaintiff himself slackened rope and threw it from around drum, and the foreman did not do so, plaintiff could not recover, *held* properly refused.

2. TRIAL ☞142—QUESTION FOR JURY—INFERENCE FROM EVIDENCE.

The jury were the judges, not only of the facts proved, but of the inferences to be drawn therefrom, provided such inferences were not unreasonable.

3. MASTER AND SERVANT ☞163(1)—INJURY TO SERVANT—NEGLIGENCE OF FOREMAN.

If railroad's foreman ordered plaintiff, assisting in lowering pipe into well by rope passing over a drum, to slacken rope, so that plaintiff's strength became inadequate, and he was injured, railroad was chargeable with actionable negligence.

4. MASTER AND SERVANT ☞217(28)—INJURY TO SERVANT—ASSUMPTION OF RISK.

In action against railroad for injuries to servant while lowering pipe into well by rope, requested instruction that plaintiff could not recover if he knew assistance was inadequate, and yet undertook work of his own volition, while ordinarily prudent person would not, *held* properly refused, as erroneous, in view of Rev. St. 1911, art. 6645.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by W. L. Shelton against the Stephenville, North & South Texas Railway Company, resulting in judgment for plaintiff, which was affirmed by the Court of Civil Appeals (163 S. W. 1034), and defendant brings error. Judgments of the trial court and the Court of Civil Appeals affirmed, on recommendation of the Commission of Appeals.

Marshall Ferguson, of Stephenville, for plaintiff in error.

Langford & Chesley, of Hamilton, for defendant in error.

McCLENDON, J. This was an action for damages for personal injuries sustained by plaintiff while in the employ of defendant railway company. A judgment in favor of plaintiff was affirmed by the Court of Civil Appeals, Third District. 163 S. W. 1034. The alleged errors complained of in the Supreme Court are the refusal to give two special charges.

The evidence pertinent to the issues raised is substantially as follows: Plaintiff was employed by one Dan Hamilton, who was in charge of a pumping station for defendant, to assist in lowering pipe into a well. This was done by means of a rope, which passed in four coils over a stationary "drum" or "cathead"; the friction of the rope on the drum enabling the lowering of the pipe with less power than if the weight of the pipe were directly opposed to the man or men holding the rope. Plaintiff was holding the rope, bracing himself with one foot against a bar. Hamilton was stationed at the drum and directed the work. The acts of negligence alleged were: (1) That Hamilton suddenly threw the coils of the rope off the drum without warning to plaintiff; (2) failure to have sufficient help to sustain the great weight of the pipe; and (3) improper method of doing the work. Plaintiff and Hamilton were the only eyewitnesses to the occurrence who testified. Whether there was a third man stationed on top of a scaffold is not clear from the testimony. The evidence was sufficient to warrant a finding to the effect that the help was inadequate. Plaintiff's version of the accident was: "He [Hamilton] says to me, 'Give me a little slack,' and I did, and

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

he threw one coil off, and when he did that the whole business came off"—thereby throwing all the weight of the pipe upon the rope, which caused him to be jerked some 15 feet and injured as alleged. Hamilton, on the other hand, testified that he stepped around and put his hand over the coils and held them tight, and, when he did that, the plaintiff, instead of holding the rope tight, "threw the whole thing off and let it loose," and he (Hamilton) could not handle it with his hands, and turned it loose as quickly as he could, because it was burning him. "He just stepped up and throwed the rope off that way. If he had put his hand right there and held it, he could have done it; but, instead of doing that, he gave it slack all the way around, and I could not hold it." He denied that he gave any orders to plaintiff to slacken the rope. On cross-examination, he testified: "I say that Shelton walked up here and deliberately took that rope off of that drum." Further, on cross-examination, he says, "He did not throw the rope off, but gave slack as he took it off"; and further, "When Shelton came over there and pulled that coil off, I was right here holding that drum or the three coils. I saw him do it, but it was so quick, I did not hardly realize what he was doing." Later Hamilton admitted that he made a report to defendant just after the accident, in which he wrote "Overweight" in answer to a question calling for the cause of the accident.

[1-3] The first special charge, refusal of which is assigned as error, reads:

"You are instructed that, if you believe from the evidence in this case that plaintiff himself loosened or slackened the rope and threw same from around the drum head and that Hamilton did not do so, then plaintiff cannot recover."

Under the evidence as above outlined, we do not believe that it was error to refuse this charge. Defendant contends that the evidence warrants but two versions of the accident—one, that given by plaintiff to the effect that Hamilton removed the coils of rope; and the other, the statement of Hamilton that, without any suggestion from him, plaintiff himself threw off the coils and was injured. We cannot accept this narrow construction of the evidence. The jury were not bound to accept in whole either the testimony of plaintiff or that of Hamilton.. They might have concluded that the real facts lay somewhere between the statements of the two witnesses. To hold that the bare facts that plaintiff himself slackened the rope and threw off the coils would defeat recovery would be warranted only where no reasonable conclusion could be drawn from such facts other than that they negative as a matter of law any actionable negligence on defend-

ant's part. The jury were the judges not only of the facts proved, but of the inferences to be drawn therefrom, provided such inferences were not unreasonable. We think the jury may reasonably have found that Hamilton ordered plaintiff to slacken the rope; that plaintiff (and not Hamilton) himself slackened the rope and thereby loosened and threw off the coils; yet they may also have properly concluded from the evidences that, so long as the rope remained taut, the strength of one man was sufficient to hold it, but that, when slack was given, which was necessary to lower the pipe, the strength of one man was inadequate to the additional force generated by the momentum of the pipe, and that the inadequacy of help was at least a contributing cause to plaintiff's injuries. Under such finding, which is entirely consistent with the facts grouped in the requested instruction, we think there would have been actionable negligence chargeable to defendant.

[4] The other charge complained of contains the following language:

"Although you may believe from the evidence that defendant did not have sufficient force to help do said work with safety, yet plaintiff cannot recover in this issue if he knew that the help was inadequate, and so knowing he undertook to do it of his own volition, and that an ordinarily prudent person would not, under the same or similar circumstances, undertake to do the work."

This charge is clearly erroneous. Article 6645, R. S. 1911, eliminates the doctrine of assumed risk in this class of cases, where a person of ordinary care, with knowledge both of the defect and danger, would have continued in the service. The charge quoted above required the jury to find that plaintiff assumed the risk, should they find that a person of ordinary care, with knowledge of the defect alone, would not have continued in the service. We cannot say as a matter of law, if a person of ordinary care, who knew only of the defect, and not of the danger incident thereto, would not continue in the service, that it would necessarily follow that a person of ordinary care, knowing both the defect and danger, would likewise not have continued in the service. We believe this charge was properly refused.

We conclude that the judgments of the district court and Court of Civil Appeals should be affirmed, and that all costs of all courts should be taxed against plaintiff in error.

PHILLIPS, C, J. The judgment as recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.