### LANCASTER et al. v. JOHNSON. (No. 2285.)

(Court of Civil Appeals of Texas. Texarkana. June 24, 1920.)

**1. Trial ⚖══260(8)—Requested charge on assumption of risk held covered by given charge.**

A requested charge that plaintiff, in accepting employment, assumed dangers commonly encountered therein was sufficiently covered by the court's charge that, if the injury was caused by one of the dangers commonly encountered in the employment, they should return a verdict for defendants.

**2. Master and servant ⚖══204(1) — Assumed risk held not available under statute.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 6645, making the plea of assumed risk unavailable where the employer or his foreman knows the danger, risk of injury resulting from the fall of a lumber pile is not assumed where the foreman knew of the danger and promised to hold the pile up while the men were working under it.

**3. Trial ⚖══191(10)—Charges assuming act of coworkers instead of foreman as proximate cause held properly refused.**

Where plaintiff was injured by the fall of a plank when the end opposite the one he was

carrying was dropped by coworkers to enable them to avoid a falling lumber pile which the foreman had promised to hold up while they were working under it, requested charges for defendant if the coworkers dropped the plank to escape danger were properly refused as assuming as a matter of law that the foreman's act was not the proximate cause.

**4. Trial ⚖➝260(8)—Charge held sufficient to authorize refusal of requested charge.**

A charge that, though the foreman failed to take proper precautions, the jury should find for defendant if they believed a person of ordinary care under the same circumstances would have acted as the foreman did, furnished the proper test, and was sufficient to justify the refusal of a requested charge covering the same idea.

**5. Trial ⚖➝311—Jury can use experience in determining negligence in attempting to hold up lumber pile.**

In determining whether defendant's foreman was negligent in attempting to hold up a lumber pile by his own strength while men were working under it, the jury can look to their own experiences.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by C. W. Johnson against J. L. Lancaster and others, as receivers. Judgment for plaintiff, and defendants appeal. Affirmed.

The appellee and six other men under the immediate direction of a foreman were loading a truck with lumber from a lumber pile in the lumber yard of the shops of the Texas & Pacific Railway Company at Marshall, Tex., and the appellee was seriously injured in the foot by a falling plank 5 inches thick, 12 inches wide, and 20 feet long. He sues for damages for the injury, alleging that the foreman negligently failed to properly perform a promise to brace or secure the lumber from falling down, made to induce appellee and his fellow workers to 'continue to remove a plank prized from and lying near the lumber pile at a time when the lumber pile was unsteady and likely to fall down. The defendants answered by general denial, and specially that the appellee was injured by his own negligence in the way he handled the piece of lumber and as a result of the ordinary or assumed risks of his work. The jury returned a verdict in favor of the appellee.

In the yards of the shops there were stacks of lumber irregularly piled together to be removed into the shops on a truck run on a tramway. The stack of lumber in evidence was 5 or 6 feet high and of heavy pieces of different dimensions. There was a special order for five or six of the largest pieces of the lumber to be taken into the shops. The pile of lumber was 5 feet from the truck, and the men in loading the truck stood in the space between the lumber pile and the truck.

The men had placed on the truck three or four pieces of the lumber needed. The next piece of lumber to be removed was lying irregularly in the pile, one end under and the other extending out from the other pieces. A prize was used to get the particular plank out of the pile. The support of the pile of lumber was weakened by the plank's being taken from it. The foreman ordered the men to go ahead and load the piece, saying that he would hold the pile and keep it from falling down. Appellee and another man then took hold of the east end of the plank, and three other men took hold of the west end of it. After raising it from the ground they took one or two steps towards the truck to place the piece of plank on it, when the lumber pile suddenly toppled over and fell towards the men moving the plank. The foreman testified:

"I was in the pile near the front holding the pile to keep it from falling, or trying to do so, but it was more than I could hold."

When the lumber started to fall, the men having hold of the west end of the plank dropped it, and, as several of the witnesses testified, "jumped to get out of the way of the falling lumber"; and others testified, "Seeing the lumber falling over caused them to drop the plank they were holding," that they might get out of the way. The sudden falling of the west end of the plank to the ground jostled the east end of it loose from the hands of Johnson, and it fell on his foot, severely injuring it. The appellee had no warning that the plank was to be dropped. The pile of lumber after beginning to fall fell down in a moment's time. Appellee's back was in the direction of the falling lumber pile, and he did not know of its toppling at the time. The findings of the jury involved in the verdict being supported by the evidence are here adopted, namely, that the act of the foreman, as alleged, was negligence proximately causing injury to appellee, and that he was entitled to the amount of damages stated in the verdict.

F. H. Prendergast, of Marshall, for appellants.

Jones, Sexton, Casey & Jones, of Marshall, for appellee.

LEVY, J. (after stating the facts as above). [1] The court charged the jury as follows:

"If the jury shall believe that the injury to the plaintiff was caused by one of the dangers incident to his particular employment—that is, one of the dangers that was commonly encountered in his employment—it will be your duty to return a verdict for the defendants."

The special charge No. 1 requested and refused informed the jury that—

"The plaintiff, in accepting the employment to work in the yard, assumed all of the dangers

incident to that particular work—that is, the dangers that were commonly encountered therein."

As there is no difference in the charges, the court did not err in refusing the special charge requested, and therefore assignment of error No. 1 is overruled.

[2] The second assignment is predicated upon the court's refusal to give a special charge on assumed risk based on knowledge or means of knowledge of the pile of lumber being unsteady and likely to fall. The statute expressly provides that the plea of assumed risk shall not be available where the employer or his foreman already knows of the defect and danger which caused the injury. Article 6645, Vernon's Sayles' Statutes; Sherman v. Railway Co., 99 Tex. 571, 91 S. W. 561; Railway Co. v. De Walt, 96 Tex. 121, 70 S. W. 531. The foreman knew of the condition of the lumber pile, and directed the employés to do the very thing done by them, and to induce them to continue the work promised to brace or secure the pile of lumber from falling. There was an implied assurance on the part of the foreman that the work, which was not imminently dangerous, might be done with reasonable safety, and that the appellee might rely on the judgment of the foreman in this respect. Marshall v. Railway Co., 107 S. W. 883; 4 Labatt on Master and Servant (1913 Ed.) § 1364. In these circumstances the employer, under the statute, takes upon himself the risks which otherwise would be assumed by the employé.

[3] The third, fourth, and seventh assignments of error complain of the refusal of the court to give the special charges:

"The jury are charged that the other employés working with the plaintiff, if they saw the pile of lumber falling or about to fall, and if they believed themselves in danger of being injured by the falling lumber, then they had a right to do whatever was necessary to save themselves from injury, and it was not their duty to remain in a place of danger merely for the purpose of preventing injury to the plaintiff."

"The jury are charged that, if the plank was caused to fall on Johnson's foot because the other men let loose their end of the plank, then the plaintiff cannot recover if the other men let loose their end of the plank in order to save themselves from impending danger of injury from the fall of the lumber."

"The jury are charged that, if the men having hold of the other end of the plank turned loose their end, and the plank was thereby caused to fall on plaintiff's foot and injure him, then the plaintiff cannot recover if the persons at the other end of the plank turned it loose to get out of the way of impending danger to themselves, or, if it reasonably appeared to them that they were in danger of being injured if they remained where they were, then it would not be such negligence for them to drop the plank and get out of the way as will entitle the plaintiff to recover in this case; and if you

believe these facts you will find for the defendant."

According to the charges the plaintiff would be denied a recovery upon the finding by the jury that—

"The men having hold of the other end of the plank turned loose their end, * * * turned it loose to get out of the way of impending danger to themselves, or if it reasonably appeared to them that they were in danger of being injured, * * * or if they believed themselves in danger of being injured by the falling lumber."

The evidence is undisputed that the men holding the west end of the plank dropped their end and hurriedly got away because of danger, actual or apparent, of injury to themselves from the lumber that was falling towards them. The conduct of the fellow workers handling the plank in dropping the west end of it when the lumber started to fall is eliminated from the controversy by the charge of the court. The charge of the court definitely limited the right of recovery by the plaintiff to the failure of the foreman to take proper precautions to prevent the lumber from falling, being negligence proximately causing the injury. The charges as written do not leave to the jury the question of whether or not the conduct of the coworkers was either the sole or the proximate cause of the injury. The court's main charge, though, did make it clear to the jury that, in order for the plaintiff to recover, the jury must find that the failure of the foreman to take proper precautions to prevent, as promised, the lumber from falling, "was negligence," and "that such negligence was the proximate cause of the injury to the plaintiff." This charge required the jury to take all the evidence into consideration in determining "the proximate cause." Could the court assume as a matter of law, as done in the special charges, that the conduct of the fellow workers in dropping their end of the plank was the proximate cause of the injury? If so, then of course the plaintiff was not entitled to recover. It is believed that the question of proximate cause was one for the jury in this case. The effect of the promise of the foreman to make secure the lumber from falling, made to the workers to induce them to continue in the work, was to fasten the responsibility upon the foreman to use care during the entire period from the taking of the plank until it was loaded on the truck. If the foreman negligently permitted the lumber to fall towards the truck, he could, under ordinary experiences, know that the result of the falling lumber would probably be to imperil the workers and to reasonably cause them to avoid the danger by getting out of its way. The act of dropping the plank and leaving the place to avoid danger due to the negligent failure of the foreman to

hold the lumber makes a clear causal connection between the negligent act of the foreman and the injury to the plaintiff by the dropping of the plank upon his foot. The conduct· of the fellow workers was not a mere accident, nor was the dropping of the piece of plank independent of and without connection with the culpable act or omission of the foreman. This also, we think, disposes of the twelfth assignment of error.

[4] The court charged the jury as follows:

"Although the jury may believe that the foreman, Jeff Smith, failed to take proper precautions to prevent the pile of lumber from falling, still, if you should believe that a person of ordinary care under the same circumstances would have acted as the foreman did at the time, then it will be your duty to return a verdict for the defendant."

This charge furnished the proper test, and properly covered the idea embodied in the special charge made the basis of the eleventh assignment of error.

[5] Whether the foreman in attempting to hold the lumber pile by means of his own strength instead of having other men to assist him was, in the circumstances, an unwise and negligent act, was a question for the jury; and the jury could look to their own experiences in determining whether or not ordinary care was exercised by the foreman. The fifth, sixth, eighth, and ninth assignments of error are overruled.

It is concluded that the fourteenth and fifteenth assignments of error should be overruled.

The judgment is affirmed.