## OLDS v. MISSOURI, K. & T. RY. CO. OF TEXAS et al. (No. 2346.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 25, 1921. Rehearing Denied Feb. 17, 1921.)

1. **Master and servant ☜204(1)—Assumption of risk doctrine, under statute relating to railroad employees, stated.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 6645, defense of assumed risk is not available against railroad section hand, injured in assisting to move motorcar from toolhouse onto the track, if the employer was guilty of negligence in failing to provide instrumentalities with which to do the work with reasonable safety, which was a proximate cause of the injury, though the employee knew of the defective and dangerous means provided, if the employer also knew thereof, or if the employer did not know thereof, unless a person of ordinary care with knowledge of the defect and danger would not have continued in the service.

2. **Master and servant ☜286(4), 288(3)— Railroad's negligence and section man's assumption of risk from placing motorcar on track held for jury.**

In action for injury to railroad section hand by lifting while in assisting to move motorcar from toolhouse onto the track, evidence *held* to make the issues of assumption of risk and negligence, constituting a proximate cause of the injury, questions for the jury.

Appeal from District Court, Marion County; J. A. Ward, Judge.

Action by Ed Olds against the Missouri, Kansas & Texas Railway Company of Texas and others. From an adverse judgment, plaintiff appeals. Reversed, and remanded for new trial.

As commenced by appellant, the suit was against the Missouri, Kansas & Texas Railway Company of Texas, C. E. Schaef, as receiver of said railway company, and Walker D. Hines, Director General of Railroads. At the trial appellant dismissed his suit so far as it was against the railway company and the receiver. The suit was for damages for personal injury appellant claimed he suffered while discharging duty he owed to appellee as a section hand on his line of railway.

At the trial appellant as a witness testified substantially as follows: That he was about 38 years old, and had worked as a section hand during 12 or 15 years. The gang he was at work with at the time he was injured used, and for about a year had used, a motorcar in the discharge of their duty as section men. The car was kept in a toolhouse 20 or 25 feet from the track. It (the car) weighed from 1,000 to 1,500 pounds, according to the number and kind of tools loaded onto it. Besides himself and the foreman, there were four men in the gang. On the occasion when he was injured the foreman directed the gang to take the car from the toolhouse and place it on the track. Complying with the direction, he and the other members of the gang rolled the car through the sand to the track. The ground over which they rolled it was level, but it was about 5 inches lower than the track. The space between the part of the ties outside the rails was not filled in, but was what railroad men called a "skeleton track." He and the men assisting him undertook to place the car on the track by lifting first one end thereof onto same, and then the other. They were lifting the heaviest end of the car onto the track, and had gotten the wheel thereof on the side where he was lifting over the rail, when the wheel on the other side hit the rail, throwing more of the weight of the car on him. In his effort to hold onto the car he was injured by the strain.

Dr. Speed testified that he examined appellant afterward, and found him to be suffering from "aneurism of the aorta," which, he said, rendered a person incapable of doing ordinary labor and usually resulted in death in a few years.

M. B. Henderson testified that he was roadmaster for the J. & N. W. Railroad Company, but had been section foreman on the section of appellee's railway appellant worked on. When he was foreman on that section, running boards were used in transferring the motorcar from the toolhouse to the track. The boards were used to avoid injury to section men engaged in moving the car to the track. Places on the track used for rerailing such cars "were usually filled in with cinders, and some used running boards and cross boards inside the track." "For the safety of the men," he said, "it is really necessary to have these running boards on this track."

The judgment in appellee's favor was based on a verdict returned by the jury in conformity to a peremptory instruction by the court to so find.

P. G. Henderson and E. B. Lewis, both of Jefferson, for appellant.

L. S. Schluter and Schluter & Singleton, all of Jefferson, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] The theory on which the trial court instructed the jury to return a verdict in favor of appellee was that the risk appellant incurred in undertaking to assist in moving the motorcar from the toolhouse to and placing it on the track was one he assumed, because it was an "open, obvious, and patent" one, and "necessarily incident" to service he had undertaken to perform. No doubt the theory was a correct one, unless the testimony would have supported a find-

ing that appellee, as charged in the petition, was guilty of negligence in failing to provide instrumentalities with which to do the work with reasonable safety. If the jury might have found that appellee was negligent, in that the means it provided for moving the motorcar to the track were defective and dangerous, when used, and appellant knew it, he nevertheless should not be held to have assumed the risk when he undertook the work, if appellee also knew of the defect, nor, if it did not know of it, unless a person of ordinary care, with knowledge of the defect and danger, would not have continued in the service of appellee. Vernon's Stat. art. 6645: Pope v. Railway Co., 106 Tex. 52, 155 S. W. 1175; Railway Co. v. Hodnett, 106 Tex. 190, 163 S. W. 13; Railway Co. v. Shelton (Com. App.) 208 S. W. 915; Railway Co. v. Blackburn, 155 S. W. 625; Railway Co. v. Riden, 194 S. W. 1163; Swann v. Railway Co., 200 S. W. 1139; Thornhill v. Railway Co., 223 S. W. 490; Lancaster v. Johnson, 224 S. W. 207. Whether, therefore, the trial court erred when he instructed the jury as he did, depends upon whether the testimony authorized a finding that appellee was guilty of negligence in the respect stated. If it did, then clearly the case should have gone to the jury.

[2] The circumstances of the accident were not developed as fully as it seems to us testimony heard at the trial indicated they might have been. For instance, there was testimony from which, perhaps, an inference might have been drawn that a proximate cause of the accident was a failure on the part of men assisting appellant in moving the car to use care they should have used. Of course, if the accident was due solely to negligence on their part, appellant was not entitled to recover; for he did not charge negligence in that respect in his petition. We have concluded, however, that there was testimony which would have supported a finding that a proximate cause of the accident was failure of appellee, as charged in the petition, to provide instrumentalities reasonably safe for use in moving the car from the toolhouse to the track, and that the trial court therefore erred when he instructed the jury as he did. The testimony we have in mind was that of appellant, set out in the statement above, that the ground from the toolhouse to the track was about 5 inches lower than the track, and that the space between the part of the cross-ties outside the rail was not filled in, but was a "skeleton track," and that of the witness Henderson, indicating that instrumentalities other than those appellee had provided were necessary to avoid risk of injury to section men who undertook to move the car to the track.

228 S.W.—22

The judgment will be reversed, and the cause will be remanded to the court below for a new trial.

### On Motion for a Rehearing.

It is insisted in the motion that the trial court did not peremptorily instruct the jury to find for appellees on the ground alone that it appeared as a matter of law that appellant assumed the risk involved in placing the motorcar on the track, but on the ground also that the testimony did not warrant a finding that appellees were guilty of negligence as charged in the petition. We think the instruction capable of the construction appellee gives it, and it will be found on reference to the opinion that the appeal was disposed of on the theory that the instruction was not erroneous, if it appeared that a finding of negligence on appellees' part was not authorized.

The negligence charged against appellees was a failure to keep the track " * * * at said place in proper repair by failing to fill in between the cross-ties, or providing running or cross boards over the same, thus leaving holes between said cross-ties, or that which is known as skeleton track, which made said premises dangerous for this plaintiff in the discharge of said employment; * * * that by reason of defendants' failure to keep their premises in a reasonably safe condition by failing to have said runway from toolhouse to track filled in level with said main track and by failing to fill in or board said skeleton track," appellant was injured as charged, etc.

The testimony relied on to support the allegations set out was that referred to in the opinion. We were of the opinion, and still are, that the jury might have found from that testimony: (1) That at the place used for "rerailing" the motorcar the ground was about 5 inches lower than the track. (2) That running boards to and across the track were not provided for use in placing such cars thereon. (3) That it was usual at such places, and necessary to the safety of the section men engaged in placing such cars on the track, to fill in so the ground would be level with the rails of the track, or else provide running and cross boards for use in placing such cars thereon. (4) That, had the ground been so filled, or had such boards been provided, it would not have been necessary to lift the car over the rails, and appellant would not have been injured as he charged he was. On such findings we think the jury would have had a right to conclude that appellee was guilty of negligence which was a proximate cause of injury to appellant.

Therefore the motion is overruled.