**PAYNE, Agent, v. HARRIS. (No. 2355.)**

(Court of Civil Appeals of Texas. Texarkana. Feb. 10, 1921. Rehearing Denied March 10, 1921.)

1. **Appeal and error ⬅⟿499(4)—Record must show seasonable objection to charge.**

Assignments of error questioning the correctness of the court's general charge cannot be considered, when the record does not indicate that objections thereto were made before the charge was read to the jury, as required by Rev. St. art. 1971.

2. **Master and servant ⬅⟿180(1)—Railroad held liable under statute to shop laborer for negligence of fellow servants.**

Under Rev. St. art. 6640, a railroad's liability to a shop laborer for injuries may be predicated on the negligence of his fellow employés in failing to render proper assistance in lifting a heavy box onto a truck.

3. **Trial ⬅⟿139(4)—Refusal of directed verdict on one issue not error, where verdict supportable on another issue.**

Where, in an action for personal injury, a verdict could be predicated on a finding of the negligence of fellow servants alone, there was no error in refusing a special charge directing a verdict for defendant on the ground that the charge of negligence on the part of defendant's foreman was not sustained.

---

⬅⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Master and servant ☞204(3)—Railway employé did not assume risk of negligence of fellow servants.**

Under Rev. St. art. 6640, a railway shop laborer did assume the risk of the negligence of his fellow servants in failing to render him proper assistance in lifting a heavy box onto a truck.

**5. Appeal and error ☞1069(1)—Alleged misconduct of jurymen held not to have influenced the verdict.**

In a servant's personal injury action against a master, statements of a juror, while considering the verdict, illustrating the position of witnesses working for railroads and the possible explanation of why some of them were not attending court *held* not to have influenced the verdict.

**6. Damages ☞132(1)—$13,000 held not excessive for serious physical injuries.**

Where a servant employed in a railroad shop as a laborer received strain in lifting boxes, due to negligence of fellow servants, resulting in serious injuries, *held*, that a verdict of $18,000, as reduced by the court to $13,000, was not so excessive as to require further reduction.

**7. Appeal and error ☞835(2)—Question raised first on rehearing of appeal comes too late.**

A question raised for the first time in argument on the motion for rehearing in the Court of Civil Appeals comes too late.

**8. Trial ☞253(9)—Requested instructions, ignoring negligence of fellow servants, held properly refused.**

In a railway employé's personal injury action, requested charges, ignoring the negligence of plaintiff's assistants, were properly refused.

**9. Master and servant ☞288(3)—Railway laborer's assumption of risk in lifting held jury issue.**

Whether a railway shop laborer assumed the risk in lifting a heavy box with the help of fellow servants *held* an issue for the jury.

**10. Master and servant ☞204(1)—Insufficient force for work "defect," within statute limiting railroad's defense of assumed risk.**

Rev. St. art. 6645, limiting the defense of assumed risk, is applicable to a suit for injuries resulting from a railway company's failure to furnish a shop laborer sufficient help in lifting heavy box; the term "defect," in the statute, including a "defective" force of men, a force of men less than required for the service.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Defect.]

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by C. S. Harris against John Barton Payne, as Director General, and later Agent, of the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Prendergast & Prendergast, of Marshall, for appellant.

Jones, Sexton, Casey & Jones, of Marshall, for appellee.

HODGES, J. In June, 1918, the appellee, C. S. Harris, was injured while in the service of the appellant as the Director General of the Texas & Pacific Railway Company. This appeal is from the judgment in favor of Harris for $13,000 as damages.

The evidence shows that Harris was employed in the railway shops at Marshall, Tex., as a laborer. At the time of the injury he and three other employés were engaged in moving boxes filled with iron cuspidors from one part of the building to another. The injury occurred as the result of an effort by Harris and his fellow employés to lift one of those boxes and place it upon a truck. Harris testified that Kimbrough, the foreman, brought the truck to the box and ordered them to lift the box onto the truck. After making an unsuccessful effort to lift the box Harris says they—

"all kinder straightened up, and I said something about some one not trying to lift it. The foreman was worried and angry, and told us to lift it onto the truck, and we tried to do so. I made the remark to the man in front that they were not trying to lift, or something like that, and the other fellow made some remark; then the foreman told us to lift it onto the truck, and when we complained about some laying off and not lifting it, he kinder jostled and kicked the truck and said, 'G—— d——, put the box on there; put the stuff on there, *if you are going to. Got to clean out here this evening; just got this evening to get this stuff.' * * * We took hold again, and lifted at it, to put it on the truck, but didn't lift it. I made an effort to lift it, but couldn't. When I lifted at it the last time, something seemed like it tore loose in my head or ear. It popped some way. I don't know—best I can tell how it did feel—sorter popped and tore, and my head seemed to get big and swell, and I quit—just stopped. The injury was to the right side of my head. I was injured the last time I lifted the box, after Mr. Kimbrough cursed and said, 'Put it on the truck.' "

The evidence warrants a finding that Harris sustained serious injury as a result of the second attempt to lift the box. The petition charged negligence on the part of the foreman in ordering the appellee and his fellow employés to lift a box too heavy for them to handle in that manner, and also negligence on the part of the three fellow employés in failing to render Harris proper assistance in lifting the box.

Defendant pleaded, among other things, assumed risk. The issues were submitted to a jury under a general charge from the court, and a verdict was rendered in favor of the appellee for $18,000. This, however, was re-

duced by the court, on a motion for a new trial, to $13,000.

[1] Appellant has several assignments of error questioning the correctness of different paragraphs of the court's general charge. The record contains no certificate or evidence showing that any objections to the charge were made and presented before it was read to the jury. There is in the transcript, along with the special charges refused, what purports to be an exception to paragraph 8 of the charge on the subject of assumed risk; but there is nothing in the record to indicate that such objection was made before the charge was read to the jury, as required by article 1971 of the Revised Civil Statutes. It has been so often decided by the courts of this state that assignments based upon such exceptions cannot be considered when the record does not disclose that they were made at the proper time in the trial that it is unnecessary to cite authorities upon that subject.

[2-4] As one of the grounds for a recovery the court submitted the question of negligence on the part of those assisting the appellee in lifting the box. It is not contended that the evidence was not sufficient to support a finding for the appellee upon that issue. The contention is made, however, that no liability can be predicated upon the negligence of the fellow servants. That question is settled adversely to the appellant's contention by article 6640 of the Revised Civil Statutes. Since the verdict could be predicated upon a finding on that issue alone, there was no error in refusing the special charges directing a verdict in favor of the appellant on the ground that the charge of negligence on the part of the foreman was not sustained. Nor was there any error in refusing those special charges directing a verdict in favor of the appellant upon the ground that the appellee assumed the risk, since he did not assume the risk of negligence on the part of his fellow servants. We have examined the special charges, and conclude that they were properly refused.

[5] Complaint is made of the misconduct of the jury in considering irrelevant statements made by some of its members during the deliberations. The following are the facts found by the trial court after hearing the evidence upon that subject:

"The above-entitled case was tried before a jury on May 4th and 5th. The jury retired to consider their verdict about 9:30 a. m. May 5th, and stood 10 for plaintiff and 2 for the defendant until the noon hour. After the noon hour they returned to their jury room and proceeded to further consider their verdict, and shortly thereafter returned a verdict in open court in favor of the plaintiff for the sum of $18,000.

"Mr. Charles Luther was one of the jurors in the case. During the discussion in the jury room there came up the matter as to why some of the men who assisted Harris in lifting the box of spittoons were not present at the trial of the case and as to why they did not testify. I am unable to determine whether Mr. Luther or some other member of the jury called up this matter. I find that Mr. Luther stated, when this matter was brought up, that he had worked for the M., K. & T. Ry. Co. for about 8 or 9 years, and that he knew that some time things would be covered up, and gave his personal experience while working for the Katy Railroad as follows:

"One instance, that he was on a 'Katy' engine and had the crossing blocked, and a fellow came along with a box that had a nice suit of clothes and shirts in it, and that this man turned to walk around the engine, and dropped his clothes in a hole of water, and ruined his clothes, and that he sued the company for $150, for the value of his clothes, and in making an investigation of the case, and when he was called upon as a witness about it, he informed them that he knew nothing about it. He gave another instance, while he was in the employ of the 'Katy' Railroad, that a boy was driving a wagon, and team near the depot of the railroad, and that when the engine approached the team ran away and threw the boy out of the wagon, and that he sued the company for damages, and Luther, when called upon to give information about the affair, stated that he knew nothing about it.

"I find that Luther was making these statements for the purpose of illustrating the position of men working for the railroads, and as a possible explanation why the witnesses in question were not present attending court at the trial. I further find that said statements on the part of Luther did not influence the verdict of the jury."

We think the evidence supports the conclusions reached by the trial judge, and the assignment will be overruled.

[6] Complaint is also made that the judgment is excessive. If the appellee's testimony and that of his witnesses is true, then he sustained serious physical injuries. The verdict, while a liberal one, is not, since its reduction by the trial court, so excessive as to require a further reduction by this court. The judgment will be affirmed.

### On Motion for Rehearing.

The argument is made that this case should be reversed for two reasons: First, because there was no evidence to support a finding by the jury that the fellow employés of the appellee negligently failed to render proper assistance in lifting the box; and, second, because, if the box was too heavy, the appellee knew as much about its weight as did the foreman, and therefore, as a matter of law, assumed the risk of injury from an attempt to lift it.

[7] The court submitted, without objection, as a ground of recovery, the issue of negligence on the part of the appellee's fellow employés. The appellant's brief in this court contains no assignment of error attacking the sufficiency of the evidence to support a finding upon that issue. It appears that

the question is raised for the first time in the argument on this motion for a rehearing. Under the state of the record we think it comes too late.

[8] The second ground for reversing the case was presented on appeal in different special charges refused. Those assignments were overruled, because they ignored the issue of negligence on the part of the appellee's assistants. We do not mean, however, to hold that, in the absence of that particular issue, any of those assignments would have been sustained.

[9, 10] We are of the opinion that article 6645 of the Revised Civil Statutes, which limits the defense of assumed risk, applies to the facts of this case. Thornhill v. K. C., M. & O. Ry. Co., 223 S. W. 490; Lancaster v. Johnson, 224 S. W. 207; Rice & Lyon v. Lewis, 59 Tex. Civ. App. 273, 125 S. W. 961; Stephensville, N. & S. P. Ry. Co. v. Shelton, 208 S. W. 915; G., H. & S. A. Ry. Co. v. Brown, 181 S. W. 238. Whether or not the appellee assumed the risk was therefore an issue for the jury. The term "defect," as used in the statute, should not be restricted, so as to defeat the manifest purpose of the Legislature in exacting this law. It was the legal duty of the railway company in this instance to furnish a sufficient force to perform the service in which the appellee and his associates were engaged. A failure to discharge that duty created a situation not materially different from one arising from the failure to furnish adequate mechanical equipment when such is to be used in lifting heavy weights. The word "defective" means, among other things, incomplete; less than what is required. It may be said with propriety that a force of men less than what the legal duty of the employer required to perform a given service is, in a sense, a "defective" force, within the meaning of the statute. Most of the authorities in this state, relied on by the appellant, were cases which originated before this article of the statute was enacted.

The motion is overruled.